236 So.2d 870 (1970)
Lane FOSHEE, Plaintiff-Appellee,
v.
Charlie LONGINO, Defendant-Appellant.
No. 3122.
Court of Appeal of Louisiana, Third Circuit.
June 18, 1970.
Watson, Brittain & Murchison, by Jack O. Brittain, John Makar, Ronald C. Martin, Natchitoches, for defendant-appellant.
Cunningham & Cunningham, by W. Peyton Cunningham, Natchitoches, for plaintiff-appellee.
Before FRUGE, SAVOY and MILLER, JJ.
SAVOY, Judge.
This suit has been consolidated with number 3123, Natchitoches Parish Police Jury v. Lane Foshee, et al, La.App., 236 So.2d 873, for trial and also on appeal. Separate decrees were signed by the district judge. We will likewise render separate decrees.
The main issue in both suits is whether a road across the land of Lane Foshee in the instant suit is public or private.
*871 Plaintiff filed the instant suit against police juror Charlie Longio. He stated in his petition that a road designated on Police Jury Exhibit #2 as "B" to "C" to "D" to "E" was a private road; that Longino contended it was a public road and was in the process of constructing a road through his pecan orchard and tearing down his fences and signs if a temporary restraining order was not issued preventing him from doing so. In his first amended petition plaintiff made Natchitoches Police Jury, L. M. Carnahan, Sr. and L. M. Carnahan, Jr. defendants; and also prayed for a declaratory judgment to determine the status of the road. There was a second amended petition filed by plaintiff making Dr. J. B. Robin, Mrs. E. M. Stephens, and Mrs. Gordy Bertrand defendants.
Longino and the other defendants filed various exceptions. Longino filed an answer in the form of a general denial, and also asked for attorney fees stating he could not be sued individually. The jury filed an answer and reconventional demand denying the plaintiff's allegations in his petition and reconvened for $3,000.00 in damages.
Although we find no answer by some defendants to the original petition and none to the amended petitions, we find in the record a "Joint Stipulation" which reads, in part, as follows, signed by all attorneys representing all defendants:
"I. Any and all written exceptions not disposed of through stipulation or trial thereof are submitted to the Court as referred to the merits, except the exception filed on behalf of the Carnahans.
"II. The allegations of any and all written pleadings, to which responsive pleadings had not been filed prior to commencement of trial herein, are deemed to be answered and denied in toto by the respective parties, except as may have otherwise been admitted or stipulated; and with particular reference to certain interrogatories propounded to any of the parties herein it is further stipulated that answers and/or objections to said interrogatories are also submitted to the Court as referred to the merits, for the Courts ruling thereon, and subject thereto."
We are of the opinion that the above stipulation stands in the place of answers, and that the whole matter is at issue.
After a trial on the merits the district court held the Bertrand Road "B" to "C" and Porter Lane "C" to "D" to be a public road, but found that the road through the woods, "D" to "E", to be private. From this ruling defendants appealed. Plaintiff has not appealed or answered the appeal, thus, the only question in the instant case is whether the Woods Road running through plaintiff's property is private or public. If it is determined to be public, the amount of attorney fees due Longino and the amount of damages to be awarded to the Police Jury for re-building the road must be decided.
LSA-R.S. 48:491 reads in part as follows:
"All roads or streets in this state that are opened, laid out or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality, or which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be. * * *."
Ross Vercher, employed by the Police Jury as a motor patrol operator, testified that the road through the woods was the type that was usually worked with a crawler-type tractor. Paul Salard, since deceased, and J. C. Rachel both operated parish equipment in the ward where the road through the woods was located.
*872 Titus Sibley, secretary of the Jury, testified he paid plaintiff by check for work done in the woods. Plaintiff admitted that part of this payment was for work done by his bulldozer operator, Mr. Carson. The check is in evidence. Sibley also testified that the Jury paid Clyde Tate by check in 1964. Tate testified the money was paid to him for widening the road through the woods.
In Latour v. Dupuis, 164 So.2d 620 (La. App. 3rd Cir. 1964), we held a road to be public which was only fifteen feet in width and which had been maintained two or three times a year; and the owner had furnished a portion of the funds for maintaining the road.
In Curtis v. Goebel, 101 So.2d 462 (La. App. 1st Cir. 1958), it was held that large sums need not be spent in maintaining a road by the Police Jury in order for it to become public.
There is sufficient evidence in the record to sustain the position of defendants that the road through the woods is a public one.
Defendants ask this Court in oral argument to fix the width of the road in question. The evidence as to the width of the road varies. Defendant Jury is asking for a thirty foot road. The evidence justifies that said road be at least this width. We hereby fix the width of the road to be thirty feet.
The Jury is asking $3,000.00 in damages for destruction and replacing of the road. The testimony of Longino on the subject of damages was vague and indefinite. We therefore reject this item of damages.
We are next called upon to determine the attorney fees to be awarded to defendant Longino.
LSA-R.S. 42:261, Section D, provides in part:
"Any party who shall file suit against any duly elected or appointed public official of the State of Louisiana or any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office other than matters pertaining to the collection and payment of taxes and those cases where the plaintiff is seeking to compel the defendant to comply with and apply the laws of the State of Louisiana relative to the registration of voters, and who shall be unsuccessful in his demands shall be liable to said public official for all attorneys' fees incurred by said public official in the defense of said lawsuit or lawsuits, which said attorneys' fees shall be fixed by the court. * * *."
Mr. Longino was sued individually, whereas the Jury alone should have been sued. His attorney testified in detail and prayed for $500.00 attorney fees. We think this fee is reasonable considering the amount of time spent by counsel for Longino in preparing and trying the case in the district court and appearing before this Court. We hereby fix the attorney fees due Longino under the above statute at the sum of $500.00.
For the reasons assigned the judgment of the district court is affirmed insofar as it decreed the portion of the Bertrand Road which traverses the plaintiff's property from Porter Lane to the line between Foshee and McCoy property and identified in Police Jury Exhibit #2 to be the points "B" to "C" and "C" to "D" to be a public road. Said judgment is reversed insofar as it decreed the "Woods Road" extending from Porter Lane to the McCoy gate and identified in Police Jury Exhibit #2 as point "D" to "E" to be a private road; and, it is ordered and decreed that said road is decreed to be a public road thirty feet in width. The district court judgment is likewise reversed insofar as it rejected Charlie Longino's claim for attorney fees, and judgment is hereby rendered in favor of defendant, Charlie Longino, and against plaintiff, Lane Foshee, in the sum of $500.00, with interest at the rate of 5% *873 from judicial demand until paid. All costs in the district court and on appeal to be paid by plaintiff.
Affirmed in part, reversed in part and rendered.