BLANCHE, Judge.
This is an appeal by defendant from a judgment permanently enjoining him from obstructing Eby Street in the Town of Sorrento, Ascension Parish, Louisiana. The record shows that around the 1st of February, 1969, the defendant constructed a fence extending across a gravel roadway known as Eby Street in Sorrento, defendant claiming that the roadway constituted his private driveway. Plaintiff filed this suit for injunctive relief claiming that the roadway in question constitutes a public street in view of its having been constantly maintained and improved by the Ascension Parish Police Jury since 1948 and by the Town of Sorrento since its incorporation on September 11, 1956. Finding no manifest error in the trial court’s judgment, we affirm.
The record shows that Eby Street forms a “T” intersection with Railroad Street in Sorrento. Originally, the roadway in question was the private driveway of defendant’s ancestor in title, Mr. Eby. Around 1948 or 1949 the Ascension Parish Police Jury constructed or improved an extension of the roadway so as to give access to additional houses fronting thereon, including the home of George A. Savario, who has been the Mayor of Sorrento since its incorporation. Mr. Savario testified that he lived in his house, which fronts on what is known as Eby Street, since 1927. (Record, p. 28) He testified that sometime during 1948, 1949 or 1950 the Ascension Parish Police Jury made the extension of the roadway in question by building up the road bed and placing gravel thereon. (Record, p. 30) He further testified that the roadway was graveled, graded and maintained for its entire length from Railroad Street back to where the constructed extension of what is known as Eby Street terminated continuously by the Ascension Parish Police Jury, even after the incorporation of the Town of Sorrento. (Record, pp. 35, 36)
The record shows that defendant acquired his property in 1951 and never complained about the use of his alleged private driveway by the public until after a so-called Negro baseball park was constructed in 1966 and 1967, in conjunction with which the heretofore dead-ending Eby Street was opened further and connected with a newly constructed road or street furnishing access to the baseball park.
Plaintiff offered the testimony of several other witnesses, including employees of the Town of Sorrento and past and present police jurors, who all supported the contention that the street or roadway in question had been publicly maintained. In addition, it is clear that public garbage collection was performed continuously for the houses fronting on Eby Street (Record, p. 234), and the municipal employee even testified that once in 1957 he had to wait for the grader to finish work on Eby Street before he could turn onto the street to collect the garbage. (Record, p. 235) The record also shows that a street sign designating the roadway in question as Eby Street was erected by the Town of Sorrento without protest from defendant or his family, and a street light was installed by the Town of Sorrento several years before over the extended part of Eby Street past defendant’s property.
Defendant offered evidence, however, corroborating his contention that there was never any public maintenance of that part of his driveway which he utilized and that the gravel thereon was instead placed there *248 and the driveway worked by him, his family and friends. Such testimony is diametrically opposed to that of certain witnesses who testified on behalf of plaintiff, including Mitchell Moran, who operated the motor patrol for the Ascension Parish Police Jury from 1957 to 1962, who testified that he graded the entire length of Eby Street three times and spread eighteen yards of parish gravel over the entire length of Eby Street in 1957. (Record, pp. 331-335)
Although this Court was not furnished written reasons by the trial judge, it is obvious that the trial judge resolved the inconsistencies in the testimony and the issues of credibility of the witnesses in favor of the plaintiff and against defendant. (See, for example, colloquy between the trial judge and defendant, Record, pp. 444-446.) Our review of the entire record fails to disclose where the trial judge committed any manifest error in this regard.
Plaintiff relies on the statutory rule of tacit dedication of public roads or streets as provided in LSA-R.S. 48:491:
“All roads or streets in this state that are opened, laid out or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality, or which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be. Also all roads or streets made on the front of their respective tracts of lands by individuals when the lands have their front on any of the rivers or bayous within this state shall be public roads when located outside of municipalities and shall be public streets when located inside of municipalities.”
In Foshee v. Longino, 236 So.2d 870 (La.App. 3rd Cir. 1970) the appellate court, in construing and applying the aforementioned statutory provision, reversed in part the trial court’s refusal to recognize a roadway as being public, stating the following:
“In Latour v. Dupuis, 164 So.2d 620 (La.App. 3rd Cir. 1964), we held a road to be public which was only fifteen feet in width and which had been maintained two or three times a year; and the owner had furnished a portion of the funds for maintaining the road.
“In Curtis v. Goebel, 101 So.2d 462 (La.App. 1st Cir. 1958), it was held that large sums need not be spent in maintaining a road by the Police Jury in order for it to become public.
“There is sufficient evidence in the record to sustain the position of defendants that the road through the woods is a public one.” (Foshee v. Longino, 236 So.2d 870, at 872)
We agree with these pronouncements by the Third Circuit Court of Appeal in Fo-shee v. Longino, cited supra, and conclude that the trial court in the instant case was justified in concluding that Eby Street constituted in its entirety a public street or road by virtue of tacit dedication.
Defendant relies on Town of Eunice v. Childs, 205 So.2d 897 (La.App. 3rd Cir. 1967), writ refused, 251 La. 937, 207 So.2d 540, but it is readily apparent that the cases are distinguishable on their facts. In Town of Eunice v. Childs, cited supra, the Court held that R.S. 48:491 could not be given retroactive effect. R.S. 48:491 was amended in 1954 so as to permit municipal corporations to acquire by tacit dedication resulting from maintenance of streets or roads for three years, thus according to municipal corporations the same right which parish governing bodies enjoyed prior to the amendment. The record reflected that although the Town of Eunice *249 had allegedly maintained the alley prior to 1954, the statute as amended could not be given retroactive effect and the formal protest by Mrs. Childs in 1956 precluded applicability of tacit dedication.
The record in the instant case, however, reflects that the road or street known as Eby Street was maintained by the Ascension Parish Police Jury since the construction or improvement of the extension of the so-called Eby Street in 1948, 1949 or 1950, and continuously thereafter, both on behalf of the Parish and later on behalf of the Town of Sorrento after its incorporation in 1956.
Defendant further contends that Town of Eunice v. Childs, cited supra, is authority for the proposition that the rule of tacit dedication as provided for in R.S. 48:491 cannot take place unless there is shown the actual or implied intent of the landowner to so dedicate the road or street. This contention is without merit, as a reading of Town of Eunice v. Childs demonstrates that the pronouncements by the appellate court in that decision relative to intent pertain only to non-statutory, implied dedication or an entirely different but well recognized method by which a private road or street becomes public. As stated by the Second Circuit Court of Appeal in Winn Parish Police Jury v. Austin, 216 So.2d 166 (La.App. 2nd Cir. 1968), it is the mere maintenance of the road or street by the governing authority for the requisite three-year period which results in applicability of tacit dedication; if such maintenance by the governing authority has taken place for the requisite time period, without adequate protest by the landowner, the rule of tacit dedication as set forth in R.S. 48:491 becomes applicable.
The evidence amply supports the judgment of the trial court, and there being no manifest error or error of law, the judgment is affirmed at defendant’s costs.
Affirmed.