322 So.2d 893 (1975)
Bennie B. STRICKLAND
v.
Wallace STAFFORD.
No. 10458.
Court of Appeal of Louisiana, First Circuit.
November 24, 1975.
Joseph D. Lupo, Independence, for appellant.
Jesse P. Lagarde, Amite, for appellee.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
ELLIS, Judge.
Plaintiff Bennie B. Strickland is the owner of 50 acres in Section 3, Township 1 South, Range 8 East in Tangipahoa Parish. Wallace Stafford owns 98 acres in the same section, lying immediately to the west of the Strickland property. Strickland acquired his parcel in 1925, and Stafford his in 1944. Both parties have resided on their respective properties since their acquisitions.
The Stafford property lies about 300 feet east of Potts Road, a blacktop parish road, and is separated therefrom by the property of John W. Schilling. Mr. Stafford has access to Potts Road via a gravel road which runs from his house to the Potts Road.
Mr. Stafford is a dairy farmer, and his property is fenced and cross fenced so as to divide it into a number of pastures. The easterly portion of his property, adjoining the Strickland property, is divided into three pastures by two cross fences which run in an approximate east-west direction.
For many years, Mr. Strickland has gone in and out of his property along a road or lane which runs from his house along the more northerly of the two cross fences, and which joins Mr. Stafford's road near his home. Along this road there are presently three gates, one by Mr. Stafford's home, one where the road enters the middle of the three rear pastures, and one at *894 Mr. Strickland's fence. We are satisfied from the record that these gates, or others, have been in place since 1945, when Mr. Stafford fenced his pastures.
At some time between 1965 and 1970, the testimony being in dispute as to when, three wooden cattle guards were built at the sites of the three gates. The labor in connection therewith was performed by the employees of the Tangipahoa Parish Police Jury.
In 1972, the cattle guards had deteriorated to the point where they no longer served their purpose, and cattle were beginning to escape from the pastures. Mr. Stafford began using his gates again, and, according to plaintiff, restricted the size of the vehicles which could use the road by placing iron pipes in the cattle guards. In July, 1974, this suit was filed.
In his petition, plaintiff alleges that he is entitled to a servitude of passage across the Stafford property under Article 701 of the Civil Code, which must, under Article 702, be adequate for his "animals, carts, instruments of agriculture, and everything which may be necessary for the use and working of his land." Alternatively, it is claimed that the road is a public road under R.S. 48:491 because of having been maintained by the Police Jury of Tangipahoa Parish for more than three years.
By way of defense, Mr. Stafford denies that the plaintiff is entitled to a servitude of passage across his property, because of the presence of a dedicated, but not opened, public road along the section line between Sections 3 and 49, which forms the south boundary of both plaintiff's and defendant's properties and which runs to Potts Road. He further denies that the road has become public by virtue of maintenance by the Police Jury. Defendant third partied the Police Jury, asking that it be requested to open and maintain the road along the section line so as to afford ingress and egress to plaintiff's property.
After trial on the merits, judgment was rendered in favor of plaintiff, declaring the road to Mr. Strickland's house to be a public road and ordering Mr. Stafford to remove all obstructions therefrom. The third party demand against the Police Jury was dismissed. From that judgment, defendant has appealed.
In reaching his decision, the trial judge found that there had been sufficient maintenance by the Police Jury to make the road public in character. He did not consider the main contentions of the plaintiff under Articles 701 and 702 of the Civil Code.
The evidence offered by the plaintiff relative to the maintenance of the road is to the effect that the Police Jury, on a regular basis, put gravel on the road and bladed it from 1960 to 1972.
The evidence offered by the defendant on that point is that the Police Jury maintained the road on a regular basis only in 1969 and 1970, and that any other work which may have been done was negligible. Defendant asserts that he never consented or intended that his property become a public road.
The district judge found as a matter of fact that the section of road in dispute had been maintained on a regular basis by the Police Jury, and we find no manifest error in this conclusion.
R.S. 48:491 provides:
"All roads or streets in this state that are opened, laid out or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality, or which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality *895 shall be public roads or streets as the case may be. Also all roads or streets made on the front of their respective tracts of lands by individuals when the lands have their front on any of the rivers or bayous within this state shall be public roads when located outside of municipalities and shall be public streets when located inside of municipalities."
In applying the above provisions, the courts have held that maintenance of a road by a police jury for three continuous years gives rise to a "tacit dedication" thereof to public use by its owner. Frierson v. Police Jury of Caddo Parish, 160 La. 957, 107 So. 709 (1926). In that case, the statute was also held to be constitutional. But cf. Town of Eunice v. Childs, 205 So.2d 897 (La.App. 3 Cir. 1967), writ ref. 251 La. 937, 207 So.2d 540 (1968); Harrison v. Louisiana Power and Light Co., 288 So.2d 37 (La., 1973).
The courts have consistently applied this statute to roads maintained by a public authority, even when no real public purpose is served thereby, as when only one person or family utilizes the road as a driveway to his property. Curtis v. Goebel, 101 So.2d 462 (La.App. 1 Cir. 1958). The same has been held true when the police jury itself refuses to recognize the road as public. Latour v. Dupuis, 164 So.2d 620 (La.App. 3 Cir. 1964). In addition, the courts have treated that portion of R.S. 48:491 dealing with maintenance as though it were a separate statute and not part of a series of articles dealing with the laying out of public roads by local governing authorities. See R.S. 48:491-495. Those statutes would appear to require more formal action on the part of a governing authority than unilateral action on the part of its employees or one of its members to evidence its intent to give public character to private property.
Be that as it may, under the jurisprudence as it presently stands, we think the district judge properly decided the issues before him.
The judgment appealed from is affirmed, at defendant's cost.
Affirmed.