346 So.2d 1361 (1977)
C. A. PRENTICE, Jr., Plaintiff-Appellee,
v.
Jo Ann Perry McGOWEN and Charles McGowen, Defendants-Appellants.
No. 5913.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1977.
Rehearing Denied June 24, 1977.
*1362 L. H. Olivier, Lafayette, for defendants-appellants.
Armentor & Wattigny by Minos H. Armentor, New Iberia, for plaintiff-appellee.
Before HOOD, CULPEPPER and STOKER, JJ.
HOOD, Judge.
C. A. Prentice, Jr., instituted this suit against Mr. and Mrs. Charles McGowen to recover expenses incurred by Prentice for attorney's fees in defending a suit which previously had been filed against him by Mrs. McGowen. Judgment was rendered by the trial court in favor of plaintiff. Defendants appealed.
The issues presented are whether plaintiff is entitled to recover attorney's fees under LSA-R.S. 42:261(E), and if so, whether the amount awarded by the trial court is excessive.
LSA-R.S. 42:261(E) provides:
"E. Any party who files suit against any duly elected or appointed public official of this state of or any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office other than matters pertaining to the collection and payment of taxes and those cases where the plaintiff is seeking to compel the defendant to comply with and apply the laws of this state relative to the registration of voters, and who is unsuccessful in his demands, shall be liable to said public official for all attorneys fees incurred by said public official in the defense of said lawsuit or lawsuits, which attorneys fees shall be fixed by the court.
"The defendant public official shall have the right, by rule, to require the plaintiff to furnish bond as in the case of bond for costs to cover such attorneys *1363 fees before proceeding with the trial of said cause."
In July, 1974, Mrs. McGowen instituted suit against Prentice for damages, alleging as grounds therefor that Prentice defamed her while she was a teacher in the Jeanerette Senior High School. Prentice was principal of that school at the time the alleged defamation occurred, and he has continued to serve as principal of the school since that time. Mrs. McGowen alleged and contended in that suit that she sustained damages as the result of representations made by Prentice to the Superintendent of the school, to the School Board and to other school personnel which reflected adversely on her competence as a teacher. After trial on the merits, judgment was rendered by the trial court in favor of defendant dismissing Mrs. McGowen's suit. We affirmed that judgment. See McGowen v. Prentice, 341 So.2d 55 (La.App. 3 Cir. 1976).
Shortly after that judgment was rendered, Prentice instituted the instant suit against Mr. and Mrs. McGowen, seeking to recover the expenses he incurred for attorney's fees in defending the above defamation suit. He contends that the cause of action in that suit was based on a matter arising out of the performance of the duties of his office as principal of the Jeanerette Senior High School, and that he is entitled to recover from the McGowens under LSA-R.S. 42:261(E) the expenses he incurred for attorney's fees in defending that suit. He demands judgment for $7,500.00. The trial court rendered judgment in favor of Prentice and against Mr. and Mrs. McGowen for the sum of $4,000.00. Defendants appealed, and it is that appeal which is before us now.
We find that at the time the alleged defamation occurred, at the time the above suit was filed, and during the entire time that suit was pending, Prentice was an appointed public official, as that term is used in LSA-R.S. 42:261(E). See Hall v. City of Shreveport, 157 La. 589, 102 So. 680 (1925); State v. Dark, 195 La. 139, 196 So. 47 (1940); Jones v. Anderson, 277 So.2d 697 (La.App. 2 Cir. 1973); Foshee v. Longino, 236 So.2d 870 (La.App. 3 Cir. 1970); Houston v. Brown, 292 So.2d 911 (La.App. 2 Cir. 1974). The suit which Mrs. McGowen filed against him, claiming damages for defamation, was based on a matter which arose out of the performance of the duties of his office as principal of the Jeanerette Senior High School. Mrs. McGowen was unsuccessful in her demands. Under those circumstances we think Prentice is entitled to recover the expenses he incurred for attorney's fees in defense of that suit.
Defendants contend, however, that no formal contract was entered into between Prentice and his counsel as to the amount which would be owed as attorney's fees, that no expert testimony was introduced to establish what a "reasonable fee" would be for handling the defense of the defamation suit, and that the evidence fails to support the award which was made by the trial court. They argue that under those circumstances the court erred in awarding plaintiff any attorney's fees at all.
The evidence in the instant suit shows that no formal contract was entered into between plaintiff and his counsel as to the amount of the attorney's fees which would be owed for defending Prentice in the defamation suit. The latter's attorney testified, however, as to the nature and extent of the legal services which he rendered in defending that suit, and the entire record of the defamation suit was filed in evidence in the present action for attorney's fees. The same district judge who presided over the trial of the defamation suit also presided at the trial of the instant suit.
When attorney's fees are found to be due for legal services rendered, the court may fix the amount of those fees despite the fact that no formal agreement was entered into between the party and his counsel as to the amount of the fee, and even though no expert evidence was presented to show the value of the services rendered. When the nature and extent of the legal services are shown by the record, it is the duty of the court to bring to bear its knowledge of the value of the services of counsel and to fix the value of those services, even in the absence of expert testimony. James, *1364 Robinson, Felts and Starnes v. Powell, 303 So.2d 229 (La.App. 2 Cir. 1974); Grant v. Anderson, 331 So.2d 862 (La.App. 2 Cir. 1976); Sokol v. Bob McKinnon Chevrolet, Inc., 307 So.2d 404 (La.App. 4 Cir. 1975); Jones v. Bryant, 283 So.2d 307 (La.App. 4 Cir. 1973).
The nature and extent of the services rendered by counsel for Prentice in defending the defamation suit are shown in the instant proceedings. The trial judge did not err, therefore, in fixing the value of those services.
In the earlier suit, Mrs. McGowen sought to recover $250,000.00 from Prentice as damages for the alleged defamation. The suit was filed in July, 1974, and it was not concluded until the judgment we rendered on December 21, 1976, became final during the early part of 1977. Several interlocutory matters were disposed of before the case was tried on its merits, and the trial itself lasted three days. The record is voluminous, containing more than 600 pages of testimony. An appeal was taken and was argued before this court. Considering the amount claimed, the responsibility which rested on counsel, the nature of the work performed and the skill required, we conclude that the trial court did not err in fixing the attorney's fees at the sum of $4,000.00.
Defendants point out that in the defamation suit Prentice filed a motion to compel Mrs. McGowen to post security for costs, and that in response to that motion the trial court ordered the claimant to file a bond in the amount of $2,050.00 as security for the costs. The McGowens argue that Prentice is barred from claiming attorney's fees now, since he did not seek to recover such fees in the original suit. They also argue that in any event plaintiff is estopped from recovering more than the amount of the cost bond which was furnished by Mrs. McGowen in the defamation suit. We find no merit to those arguments. The proceeding in the defamation suit, which resulted in a judgment ordering Mrs. McGowen to furnish a cost bond, did not have the effect of fixing or limiting the amount of attorney's fees which Prentice could recover under LSA-R.S. 42:261(E). No law or jurisprudence has been pointed out to us, and we know of none, which bars plaintiff from maintaining a separate action for attorney's fees under the above cited section of the Revised Statutes.
Defendants contend, finally, that a part of the attorney's fees claimed by plaintiff were for prosecuting the instant suit, and they argue that no fees can be allowed under LSA-R.S. 42:261(E) for those services.
The record shows that on April 2, 1976, Prentice's counsel presented a statement to him for legal services amounting to the total sum of $7,500.00, which included a charge of $5,025.00 for legal services rendered in defending the defamation suit, and a charge of $2,475.00 for services to be rendered in the instant suit.
The award of $4,000.00 made by the trial court is less than the amount which was shown in the above statement for services rendered for defending Prentice in the defamation suit, and we have found that there was no abuse of discretion in fixing the attorney's fees at that amount for legal services rendered solely in connection with the defamation suit. There is no merit to defendants' argument that the award must be rescinded or reduced simply because plaintiff demanded in this suit more than he may be entitled to recover.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellants.
AFFIRMED.