COVINGTON, Judge.
This is an appeal in consolidated actions bearing docket numbers 52,787, 52,788 and 52,832 in the trial court (13,709, 13,710 and 13,711, respectively, in this court) in which the primary relief sought was to have a described" strip of land declared a public roadway by virtue of three years’ maintenance by the City of Covington. In the actions, Darryl J. Tschirn was enjoined from interfering with the use by “the Morse group” of a described property belonging to said group, consisting of three persons, Katherine Hadley Morse wife of/and Charles T. Morse and Ella Cook Hadley, and the Morse group was enjoined from interfering with Tschirn’s use of a described portion of the roadway. The judgment primarily declared a described strip of land as subject to “a servitude in favor of the public” pursuant to LSA-R.S. 48:491 due to the City’s three-year maintenance thereof. The judgment also denied all claims for damages.
Darryl J. Tschirn appealed the judgment and the Morse group answered the appeal. The City of Covington also answered; it supports the decision of the trial judge. Tschirn’s position is that the judge erred in not finding the portion of the shell drive from East Guidry Street to Riverbend Lane to be public. The Morse group’s contention is that the judge erred in finding that portion of the shell drive from the end of Guidry Street (Guidry Street extension as dedicated) to the chain situated on Lot “O” a public roadway by virtue of a tacit dedication pursuant to LSA-R.S. 48:491; further, said group contends that the trial judge erred in not awarding the Morses damages to property caused by Tschirn’s trespassing, and in not casting all court costs against Tschirn.
In applying LSA-R.S. 48:491, the courts have consistently held that reasona *287 ble maintenance of a roadway by a public authority for three years gives rise to a tacit dedication thereof to public use by the owner. It is the mere maintenance of the roadway by the public authority for the requisite period, without adequate protest by the landowner, which results in the applicability of tacit dedication as set forth in the statute. Trahan v. Fontenot, 380 So.2d 1240 (La.App. 3 Cir. 1980); Vaughn v. Williams, 345 So.2d 1195 (La.App. 2 Cir. 1977), writ denied, 350 So.2d 896 (La.1977); Strickland v. Stafford, 322 So.2d 893 (La. App. 1 Cir. 1975); Town of Sorrento v. Templet, 255 So.2d 246 (La.App. 1 Cir. 1971).
We have carefully read the record, and find the written reasons of the trial judge, a copy of which is attached as Appendix A, correctly disposes of the factual and legal issues presented by this case.[1] Having found that all the requisites were met for a tacit dedication pursuant to LSA-R.S. 48:491, we hold that the parcel of land described hereinbelow is subject to a servitude in favor of the public by virtue of continuous maintenance for a period of three years in accordance with LSA-R.S. .48:491, which parcel is described as follows, to-wit:
“BEING PART OF Section 44, Township 7 South, Range 11 East, St. Tammany Parish, Louisiana.
“From the North Corner of Square 13 of the Wayside Addition to Town of Coving-ton, Covington, Louisiana, formed by the intersection of South Louisiana (formerly Yates Street) and East 10th Avenue (formerly Hardy Street); run South 59 degrees 20 minutes East, 530 feet to a point; thence South 30 degrees 45 minutes West, 555 feet to the Point of Beginning.
“From the point of beginning run South 57 degrees 19 minutes East, 141.6 feet to a point; thence South 58 degrees 06 minutes East, 80.8 feet to a point; thence South 31 degrees 54 minutes West, 15 feet to a point; thence North 58 degrees 06 minutes West, 80.8 feet to a point; thence North 57 degrees 14 minutes West, 141.6 feet to a point; thence North 30 degrees 45 minutes East, 15 feet back to the point of beginning.
“This tract is to include a Shell Drive.”
For the reasons expressed by the trial judge, which we adopt as our own, the judgment appealed is affirmed. The costs of this appeal are to be shared by Darryl J. Tschirn and the Morse group, one-half to appellant Tschirn and one-half to appellees, the Morse group.
AFFIRMED.
APPENDIX A
KATHERINE HADLEY, et al
VERSUS
DARRYL J. TSCHIRN
DARRYL J. TSCHIRN, et ux
VERSUS
CITY OF COVINGTON, et al
22ND JUDICIAL DISTRICT COURT
STATE OF LOUISIANA
PARISH OF ST. TAMMANY
DOCKET NUMBER 52832_
CONSOLIDATED WITH:
22ND JUDICIAL DISTRICT COURT
STATE OF LOUISIANA
PARISH OF ST. TAMMANY
DOCKET NUMBER 52788
*288 AND
DARRYL J. TSCHIRN, et ux
VERSUS
CHARLES T. MORSE, et al
22ND JUDICIAL DISTRICT COURT
STATE OF LOUISIANA
PARISH OF ST. TAMMANY
DOCKET NUMBER 52787_
REASONS FOR JUDGMENT
These are consolidated suits the primary purpose of which is to have a roadway declared public because of three years maintenance by the City of Covington. The disputed portion is that roadway designated on the map marked as joint exhibit # 1. It includes the shaded portions designated as East Guidry Street in addition to an extension from the shaded area which goes through the lot designated as Lot 0, belonging to the Morse’s, plaintiffs herein, to River Bend Lane.
The testimony is overwhelming to the effect that some twelve years ago the City constructed this portion of East Guidry Street which includes the shaded area on the map in addition to a strip of roadway which extended from the shaded area down to a canal. Subsequently, the Morse’s constructed the roadway which extends from River Bend into East Guidry. The evidence also indicates that the City maintained the roadway depicted by the shaded area to where the Morses subsequently put a drive which connected Guidry Street to River Bend. The City apparently never did maintain that portion of the road they constructed from the shaded area down to the canal.
That portion of East Guidry north of the chain is clearly public having been maintained by the City on a continuous basis for more than three years. LSA-R.S. 48:491. The Court so holds. The apparent revocation of any dedication of this area does not affect its public nature since the maintenance occurred after the revocation. That portion which crosses Lot 0 and connects East Guidry with River Bend Road is clearly not public. Although there might have been occasional maintenance by the City of this area it was generally done only on
request and was not done at all when the chain was up. Consequently, the necessary three years maintenance is not present. Strickland v. Stafford, 322 So.2d 893 (La. App. 1st Cir. 1975).
The facts indicate that prior to the chain being placed across the roadway the road was maintained down to the point where it turns. Afterwards, the roadway was consistently maintained only to the chain. The road was constructed approximately 12 years ago. The chain was probably placed there in the latter part of 1969. Consequently, the evidence is insufficient to show any portion inside the chain was maintained continuously for a three year period prior to the chain being installed.
The Court will sign a judgment holding the above described roadway public. The extent of the public roadway is that part shaded on the joint exhibit # 1 back to the chain, which is the extent of the area maintained by the City. Kansas City Southern Railroad Company v. City of DeRidder, 206 So.2d 562, (La.App. 3rd Cir. 1968). The evidence does show that culverts were placed on the east side of East Guidry by the City, but they were apparently paid for by Mr. Morse and put there by the City to alleviate a City problem of sewerage being dumped onto private property from a City sewerage main. There is no indication that the City actually maintained the area over the culverts.
The Court will issue a declaratory judgment in suit number 52788 in accordance with the above. Based upon the Court’s findings the suits for injunctive relief bearing docket numbers 52832, and 52787 will be granted or dismissed, as the case may be *289 only insofar as either action would conform with the Court’s judgment in Number 52788. The Court finds an off-set in all claims for damages and will consequently dismiss these claims. Each party will bear its own court costs including its own expert witness fees.
Judgments in accordance with the above will be signed when presented.

. For the purpose of clarity, we attach as Appendix B the map to which the trial judge refers in the first paragraph of his “Reasons for Judgment.”