396 So.2d 584 (1981)
Cleophile BABINEAUX, Jr., Plaintiff-Appellee,
v.
David BLACK, Sr., David Black, Jr., d/b/a Black's Agricultural Advisory Service, Defendants-Third Party Plaintiffs-Appellees,
Recreatives Industries, Inc., Third Party Defendant-Appellant,
Champion Spark Plug Company and Chaparral Division of Armco Recreational Products, Inc., Third Party Defendants.
No. 8063.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1981.
*585 Voorhies & Labbe, Marc W. Judice, Lafayette, and Sanders, Downing & Kean, G. William Jarman, Baton Rouge, for defendants-appellants.
Miller, Miller & Craton, John F. Craton, Crowley, for plaintiffs-appellees.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOUCET, Judge.
Cleophile Babineaux, Jr. brought this redhibitory action against David Black, Sr. and David Black, Jr., d/b/a Black's Agricultural Advisory Service, to rescind a sale of an all terrain vehicle, commonly referred to in this area as a "marsh buggy". The defendants answered and filed a third party demand against Recreatives Industries Inc., the manufacturer of the marsh buggy, seeking indemnification for any judgment rendered against it and attorney's fees. Recreatives Industries Inc., in turn, filed a third party demand for indemnification against Champion Spark Plug Company and the Chaparral Division of Armco Recreational Products, Inc., the manufacturer of the marsh buggy's engine.
Following a trial, judgment was rendered in favor of plaintiff and against the defendants, rescinding the sale and awarding him the return of the purchase price, the expenses of the sale, and his repair costs. Judgment was also rendered in favor of the defendants on their third party demand against Recreatives Industries, awarding them indemnification and a $2,000.00 attorney's fee. Recreatives Industries' third party demand, which had been settled prior to trial, was dismissed.
The only issue on appeal is whether the trial court erred in rendering judgment in favor of the defendants on their third party demand.
The record reveals the following relevant facts. In September 1976, the defendants sold plaintiff a RIM ATV 46 horsepower marsh buggy, which had been manufactured by Recreatives Industries Inc. On the day following the sale, its engine began to malfunction. Plaintiff consulted David Black, Jr., and it was determined that the malfunctioning was caused by a fouled spark plug. Plaintiff replaced the spark plug with one that he obtained from Black, correcting the problem temporarily. However, the spark plugs continued to become fouled after the engine had been run as little as fifteen minutes.
*586 The defendants made numerous fruitless attempts to repair the engine. David Black, Jr. testified that despite many hours of testing and adjusting the engine and several calls to the manufacturer for technical advice, he was unable to find the source of the problem. Eventually, the defendants replaced the engine with a new one of the same type that they had in stock. However, plaintiff experienced the same difficulties with the new engine. On September 28, 1977, he returned the vehicle to the defendants, and this suit followed.
On appeal, Recreative Industries has not challenged the trial judge's conclusion that the marsh buggy was defective. However, it argues that the evidence does not support a finding that it was defective when it left its control. In support of that argument it relies heavily upon the fact that the defendants did not produce the original engine for its inspection prior to trial, contending that it must presume that this evidence would have been detrimental to the defendant's case.
It is true that under a long line of jurisprudence, the failure of a litigant to produce evidence within his reach raises the presumption that the evidence would have been detrimental to his case. Martin v. T. L. James & Company, Inc., 237 La. 633, 112 So.2d 86 (1959); Rodriguez v. Northwestern National Insurance Company, 358 So.2d 1237 (La.1978); Tubesales v. Champion Machine Works, Inc., 281 So.2d 459 (La.App. 4th Cir. 1973). However, this presumption is not applicable when the failure to produce the evidence is explained. Monk v. Monk, 243 La. 429, 144 So.2d 384 (1962); Veillon v. Sylvester, 174 So.2d 189 (La. App.3rd Cir. 1965).
David Black, Jr. testified that after he had removed the original engine, he disassembled it to facilitate further testing and then discarded the parts. The defendants were unsure of the whereabouts of the engine at the time of the trial. However, David Black, Sr. stated that he thought it might be in a pile of other junked engines on their business premises. When questioned about why they did not return the original engine to the manufacturer, the defendants testified that they had not wanted to deprive plaintiff of the use of the vehicle while the manufacturer attempted to repair it. Due to the great inconvenience that he had already suffered, they elected to replace the engine at their own costs.
We believe that this testimony fully explains the defendants' failure to preserve the original engine as evidence. When the engine was discarded, this suit had not been filed, and the defendants obviously thought that installing the new engine would solve the problem to plaintiff's satisfaction. Under these circumstances, we conclude that the presumption urged by Recreatives Industries is not applicable to this case.
We note that Recreatives Industries also relies on the testimony of its witnesses concerning its quality control measures, which are designed to detect the existence of defects in its products. That testimony does not conclusively exclude the possibility that the defect existed when the marsh buggy was delivered to the defendants, however. In view of the fact that the defect manifested itself shortly after the sale, when the defendants had performed only routine new vehicle servicing, we cannot say that the trial judge was clearly wrong in concluding that the marsh buggy was defective when it left the manufacturer's control.
Alternatively, Recreatives Industries argues that even if the award of indemnification was correct, the trial court erred in awarding attorney's fees, because the defendants failed to prove the value of their attorney's services. This argument is apparently based on the fact that the defendants did not introduce expert testimony concerning the value of those services.
Expert testimony may be used as a guide in fixing the value of legal services, but it is not necessarily controlling. When the services are rendered under the eyes of the court, the trial judge is fully able to estimate their value. Sokol v. Bob McKinnon Chevrolet, Inc., 307 So.2d 404 (La.App. *587 4th Cir. 1975); Prentice v. McGowen, 346 So.2d 1361 (La.App. 3rd Cir. 1977). Accordingly, we find no merit in the argument that the trial judge erred in awarding attorney's fees.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to the appellant, Recreatives Industries Inc.
AFFIRMED.