BARRY, Judge.
Petitioner Lynn Dean, a member of the St. Bernard Parish School Board, filed a “Petition for Perpetuation of Testimony” seeking a court order to allow him to take depositions of eight fellow members of the School Board, in conjunction with his intent to file an action for malicious prosecution. The Board members opposed the petition, filed an exception of no cause or right of action, and moved for attorney’s fees. After a hearing the district court dismissed the petition and awarded attorney’s fees of $500 to exceptors. Dean appeals only the award of attorney’s fees.
Dean’s argument is that attorney’s fees may not be awarded in Louisiana unless authorized by a particular statute or provided by contract between the parties. He contends neither the School Board members nor the court cited any statute upon which an award of attorney’s fees could be premised. In their brief the School Board members cite LSA-R.S. 42:261(E) as authority for the imposition of attorney’s fees. Dean did not file a supplemental brief or address the applicability of that statute to this case.
It is settled that attorney’s fees may not be taxed to an adverse party, absent a specific statutory or contractual provision authorizing such an award. Federal National Mortgage Association v. Roberts, 317 So.2d 244 (La.App. 4th Cir.1975); Roberie v. Sinclair Refining Company, 252 So.2d 488 (La.App.3d Cir.1971); Lloyd v. Merit Loan Company of Shreveport Inc., 253 So.2d 117 (La.App.3d Cir.1971); Bryan v. Ivey, 114 So.2d 88 (La.App. 1st Cir.1959).
The propriety of the lower court’s award of attorney’s fees depends upon the applicability of these facts within the ambit of LSA-R.S. 42:261(E).
The statute appears in Chapter 5 of the Revised Statutes, which governs “Public Officers and Employees—Duties,” and is obviously intended to protect public officials from frivolous lawsuits. It provides:
E. Any party who files suit against any duly elected or appointed public official of this state or any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office other than matters pertaining to the collection and payment of taxes and those casks where the plaintiff is seeking to compel the defendant to comply with and apply the laws of this state relative to the registration of voters, and who is unsuccessful in his demands, shall be liable to said public official for all attorneys fees incurred by said public official in the defense of said lawsuit or lawsuits, which attorneys fees shall be fixed by the court.
An award of attorney’s fees under the statute, therefore, requires a finding that:
(1) Dean’s “Petition for the Perpetuation of Testimony” is a “lawsuit”;
(2) The School Board members are “duly elected or appointed public official(s) of this state or any of its agencies or political subdivisions ... ”;
(3) This “is a matter arising out of the performance of the duties of” the School Board members’ offices;
(4) The subject matter does not involve taxes or voters;
*511 (5) Dean was unsuccessful in Ms suit; and
(6) The School Board members incurred such attorney’s fees “in the defense of said lawsuit.”
(1)Dean argues his petition to take testimony was not a lawsuit, but merely a pre-suit procedure instituted under LSA-C.C.P. Art. 1429. That article was patterned after Fed.R.Civ.P. 27, and is intended to allow pre-suit depositions, upon a showing of good cause, when necessary to prevent injustice. Vaughn v. Commercial Union Ins. Co. of N.Y., 263 So.2d 50 (La.App. 4th Cir.), writ refused, 262 La. 1107, 266 So.2d 425 (1972) Article 1429 provides:
A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in a court in which the anticipated action might be brought. The petition shall be entitled in the name of the petitioner and shall show:
(1) That the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought.
(2) The subject matter of the expected action and his interest therein.
(3) The facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it.
(4) The names or a description of the persons he expects will be adverse parties and their addresses so far as known.
(5) The names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.
As with an ordinary lawsuit, LSA-C.C.P. Art. 1430 mandates service of the petition and notice of hearing upon each “expected adverse party.” Article 1430 further provides that, if such service cannot be effected, the court may order service by publication, and “shall appoint, for persons not served in the manner provided in Article 1314, an attorney who shall represent them, and, in case they are not otherwise represented, shall cross-examine the deponent .... ” Thus, the Code affords “expected adverse parties” the same procedural safeguards, and anticipates the same opportunity and necessity for counsel, at such pre-suit proceedings as are provided for defendants in ordinary lawsuits.
Our present Code of Civil Procedure does not specifically define a “lawsuit”; however, under the 1870 Code of Practice, Article 96, a “suit” was defined as “a demand, made before a competent judge.” The court in Sims v. Sims, 247 So.2d 602 (La.App.3d Cir.1971) discussed the meaning of a “suit,” opining:
As used in Article 531 [re lis pendens], a “suit” is the same as a “Civil Action.” LSA-C.C.P. Art. 421 ... defines a “Civil Action” as a demand for the enforcement of a legal right which is commenced by the filing of a pleading. 247 So.2d at 604.
Despite the fact that the proceeding is captioned “In Re: Lynn B. Dean” and the School Board members were not named defendants, Dean’s petition is a “demand for the enforcement of a legal right” and, thus, a “suit.” The Code seems to treat “expected adverse parties” as ordinary litigants, so that Dean’s action would be deemed a “suit against” the named School Board members.
(2) It is clear to us that elected school board members are “public officials” under LSA-R.S. 42:261(E). In Prentice v. McGowen, 346 So.2d 1361 (La.App.3d Cir.1977), a public school principal was held a “public official” under that same provision. A member of the Natchitoches Parish Police Jury was found a “public official” under that statute in Foshee v. Longino, 236 So.2d 870 (La.App.3d Cir.1970). Even police officers are considered “public officials” under 42:261(E), Houston v. Brown, 292 So.2d 911 (La.App.2d Cir.1974); Jones v. Anderson, 277 So.2d 697 (La.App.2d Cir.1973).
(3) A more difficult question is whether Dean’s action is a “matter arising out of the performance of the duties of ... office” of the School Board members.
*512 We find no reported decisions applying the penalty provisions of 42:261(E) to a pre-suit proceeding to take testimony. Cases awarding attorney’s fees have each involved a cause of action against a defendant-public official which rather obviously arose in the course of the defendant’s status as a public official. Suits alleging “police brutality” or assault and battery on an ar-restee have been held to “arise out of” the defendant-policeman’s performance of the duties of his office. Houston v. Brown, supra; Jones v. Anderson, supra. In Prentice v. McGowen, supra, a teacher sued her school principal for defamation, alleging he had made untrue representations to the school board, the school superintendent, and other school personnel as to her professional competence. The teacher’s action was held to arise from the performance of the principal’s official duties under 42:261(E).
Dean’s petition alleges, “The subject matter of the expected action is the malicious prosecution of petitioner under LSA-R.S. 18:1463(B).” The cited provision is a criminal statute on election offenses which pro-. Mbits the distribution of any document “which falsely alleges that any candidates ... are supported by or affiliated with another candidate, group of candidates, or other person, or a political faction.” Dean’s petition avers that he was arrested and charged under 18:1463(B), based on affidavits maliciously filed with a Justice of the Peace. The petition does not specify which of the School Board members filed the affidavits, but candidly admits Dean hopes to identify the particular affiants by deposing the eight named School Board members, several of whom he expects to be defendants in his malicious prosecution action.
The particulars leading up to this proceeding are not set forth in the record. Appellees assert:
The reasons underlying the bringing of the initial legal action against appellees are undeniably and inextricably tied to matters arising out of the performance of their duties as school board members. Certainly, had the appellees not been members of the St. Bernard Parish School Board, they would not have possessed the requisite association with his [sic] matter so as to have been called as parties to this legal action.
Dean, apparently unaware of the possible application of 42:261(E), does not address the origin of his action. It seems Dean was charged with circulating a document endorsing a judicial candidate on stationery which bore the logo and names of each of the St. Bernard School Board members, but no such details appear of record. If those facts were part of the record, the School Board members would have a solid argument that the “arising out of” requirement was fulfilled. Absent such details, the Board members rely on the general contention that Dean would not have sought to depose them or name them as “expected adverse parties” if they were not School Board members. Another argument would be that, as School Board members, excep-tors had a duty to the public to disclose the suspected election fraud of one of their members and that filing such an affidavit was incumbent on them in their official capacity.
We are satisfied that though a close question, Dean’s petition alleges sufficient facts to fulfill the “arising out of” provision.
(4) This matter does not involve the collection and payment of taxes nor the registration of voters.
(5) Since Dean’s petition was dismissed and his request to take depositions denied, he was certainly “unsuccessful in his demands” within the meaning of the statute.
(6) As to the requirement that attorney’s fees must actually be incurred “in the defense of said lawsuits,” testimony shows six of the Board members agreed to pay their attorney $200 each. The court found $500 was adequate compensation for counsel’s preparation of opposing pleadings and his court appearance. Since we consider this matter as a “suit” under (1) above, it follows that the award to the “expected adverse parties” was incurred “in the defense of said lawsuit.”
*513 For the foregoing reasons the judgment of the district court is affirmed at appellant’s cost.
AFFIRMED.