Dear Mr. Walker:
This responds to your request for an opinion of this office pertaining to the ownership and maintenance of Evangeline Parish Road 5-66, located partially within the corporate limits of the Village of Turkey Creek.
You advise that this road was in existence prior to the incorporation of the Village of Turkey Creek and approximately 0.7 miles of the road are now included within the Village corporate limits.
You further advise that Evangeline Parish Road 5-66 is clearly among the official roads of Evangeline Parish and that the section of the road within the Village corporate limits is in great need of repair. Therefore, you pose the following questions which will be answered in the order presented, to wit:
 1. Is the Village of Turkey Creek or the Evangeline Parish Police Jury the owner of that 0.7 mile section of Parish Road 5-66 located within the Village limits?
As to the question of ownership, we are unable to determine from the facts you have presented exactly who may be the record title owner of the roadway. However, since you have stated that Parish Road 5-66 existed prior to the corporation of the Village of Turkey Creek, it must be presumed that ownership or at least a right of public use was in the public at large through the Parish Police Jury prior to the existence of the incorporation of the Village.
In this regard, it should be noted that ownership of street rights-of-ways and easements may be obtained through outright purchase, expropriation, dedication of a plat pursuant to R.S.
In this regard, it should be noted that ownership of street rights-of-ways and easements may be obtained through outright purchase, expropriation, dedication of a plat pursuant to R.S.33:5051, and by dedication pursuant to use and maintenance by a parish or municipal governing authority for a period of three (3) or more years pursuant to R.S. 48:491.
In this instance, it is likely that Parish Road 5-66 was tacitly dedicated to public use prior to the existence of the Village of Turkey Creek, and, therefore, would be deemed to be a public road under Louisiana law.[1]
The courts of our state have upheld the validity of these statutes since their passage in 1818, shortly after statehood, as later amended. For instance, in Robinson v. Beauregard ParishPolice Jury, 351 So.2d 113 (La. 1977) the Supreme Court held that maintenance or work on a road by the Parish Police Jury for a period of three (3) years would constitute the road becoming public by implied or tacit dedication of a servitude of passage. Further, that abandonment of such a public road must be evidenced by a formal act of revocation in accordance with the statutes; relocation of the public road by the governing authority; clear and well established proof of intent by the governing body to abandon; or non-use of the strip of land as a public road or street for a period in excess of ten (10) years. See Wise v. Key,445 So.2d 98 (Cir., 1984); Tschirn v. Morse, 394 So.2d 286 (1st Cir. 1980); Town of Sorrento v. Templet, 255 So.2d 246 (1st Cir. 1971); Winn Parish Police Jury v. Austin, 216 So.2d 166 (2d Cir. 1968). See also, Opns. Atty. Gen. 76-1653; 77-973; 77-1624; 80-1551; 81-942; 83-181; 84-55; 84-55; 84-314; 84-332; 84-469; 87-466; 88-461; 88-479; 89-545; 92-343; 93-71; 93-597; 95-101; 95-101(A).
 2. Is the Village of Turkey Creek or the Evangeline Parish Police Jury responsible for the maintenance of that 0.7 mile section of parish Road 5-66 located within the Village limits?
The Evangeline Parish Police Jury has full legal authority to maintain roads within the parish road system and to expend such funds as are necessary for maintenance and repair. See La. R.S.33:1236 (2)(a) and R.S. 33:1236 (28), which read as follows:
 § 1236 (2)(a) To regulate the proportion and direction, the making and repairing of the roads, bridges, causeways, dikes, dams, levees and highways when, in the opinion of the police jury, such work will further the best interests of the parish and the parish road system.
* * *
 § 1236 (28) To enact ordinances regulating the traffic on all public roads outside of incorporated municipalities and within recognized subdivisions other than state constructed and maintained streets and highways, including but not by way of limitation the right to establish speed limits and speed zones, to regulate the parking of vehicles, to establish rules and regulations for the movement of traffic, including the designation of one-way streets, and for such other similar rules and regulations; provided that insofar as such ordinances may affect state highways they shall not be in conflict with any rules and regulations established by the legislature for the use of highways forming part of the state highway system.
While the Village of Turkey Creek could assist with maintenance expenses, it is not legally required to do so since Parish Road 5-66 is within the parish road system and was so included prior to the incorporation of the Village of Turkey Creek.
 3. Does the Village of Turkey Creek or the Evangeline Parish Police Jury have the right to establish weight restrictions on that 0.7 mile section of Parish Road 5-66 located within the Village limits?
As stated above, the Evangeline Parish Police Jury has full legal authority under La. R.S. 33:1236 (28) to establish weight restrictions on Parish Road 5-66, including the 0.7 mile section located within the village limits. See also, Bundrick v.Lafayette Parish Police Jury, 462 So.2d 1319 (3rd Cir. 1985), citing La. R.S. 33:1236 and La. R.S. 48:481.
State law also authorizes local municipal authorities to adopt ordinances regulating traffic on state maintained highways within their corporate limits, but as to highways other than state maintained highways, such as parish roads, there are no specific statutes authorizing a municipality to impose weight restrictions, although La. R.S. 32:41 authorizes a number of other ordinances, such as those regulating no passing zones, designated routes for freight carrying vehicles, speed limits and speed zones and temporary reduction of permissible weight of vehicles due to climatic conditions.
 4. Does the Village of Turkey Creek or the Evangeline Parish Police Jury have the right to establish speed limit restrictions on that 0.7 mile section of Parish road 5-66 located within the Village limits?
As explained above, municipalities may establish speed limits and speed zones, provided that they are not in excess of the specific maximum speed limits established by Chapter 1 of Title 32 of the Louisiana Revised Statutes, particularly, La. R.S. 32:41 (9).
We hope this opinion is of value to you and if we may be of further assistance, please do not hesitate to call upon us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ GARY L. KEYSER Assistant Attorney General
RPI/GLK:bb
[1] The relevant language of R.S. 48:491 reads as follows:
 B. (1)(a) All roads and street in this state which have been or hereafter are kept up, maintained or worked for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge or such work by adjoining landowners exercising reasonable concern over their property.