PRICE, Judge.
This is an appeal from the sustaining of a motion for summary judgment ordering the dismissal of plaintiff’s tort action as to the defendant, Red River Parish Police Jury. The pivotal fact at issue is whether the road from which plaintiff’s vehicle entered onto Louisiana Highway 1 and thereafter collided with another automobile is a public or private road. We find the supporting affidavits to the defendant’s motion to be insufficient to show there is no genuine issue as to material fact and reverse the judgment.
The injured plaintiffs in this very serious accident are Ricky Lee Brown and Cindy Brown, and their two-year-old daughter, Susan Lee Brown. The defendants are Michael Cox, driver of the car which struck their vehicle; the Red River Parish Police Jury; and the State of Louisiana, through the Department of Highways.
The basic allegations of plaintiffs’ petition insofar as liability of the police jury is concerned are: that their vehicle, driven by Ricky Lee Brown, was traveling east on a road called Cotton Point Road which intersects with Louisiana Highway 1; that prior to pulling onto the highway Brown slowed his automobile and determined that traffic to his left proceeding in a southerly direction was at a safe distance to permit a left turn onto the highway; that, after turning left and crossing the center line of the highway, their vehicle was struck on the front left side by defendant Cox’s vehicle which was engaged in passing a line of slower-moving southbound vehicles.
The petition further alleges that Cotton Point Road was a public road under the police jury’s control at the time of the accident; that the T intersection with Cotton Point Road is near a curve in Highway 1 which creates a hazardous condition for motorists attempting to enter Highway 1 from the Cotton Point Road; that the police jury was negligent in failing to place signs warning motorists of the approach to the intersection and failing to maintain proper traffic control devices or signs at the intersection, which failure created the hazardous situation resulting in their damage.
*133 The motion for summary judgment filed by the police jury denies that the Cotton Point Road is a public or parish road and contends that the police jury was not responsible for maintaining warning signs or traffic controls at this intersection. The motion was supported by a joint affidavit of eight police jury members to the effect that:
(1) During their term of office the police jury had not maintained or spent any funds on the maintenance of this road;
(2) To the best of their knowledge no public equipment has been used to maintain the road; and
(3) The police jury has a public road system and this road is not included in the parish system and was not constructed with parish funds.
Similar affidavits were executed by the road superintendent for the parish and the secretary-treasurer of the police jury. These affidavits were also qualified to the extent that some of the facts attested to were to the best of the knowledge of the affiant.
The police jury also filed affidavits by a co-owner and the foreman of the Cotton Point Plantation which basically stated that to the best of their knowledge the Cotton Point Road is a private road, that the police jury has never maintained the road, and that it was never dedicated for public use. They further explained it had been made an all-weather road by an oil company using it for operations on the plantation.
Although the trial court did not give reasons for granting the summary judgment, it obviously found there was no genuine issue of fact as to the Cotton Point Road being a private road and, therefore, as a matter of law no duty could arise on the part of the police jury to exercise any traffic control at this intersection. The principal complaint of plaintiffs on this appeal is that the affidavits filed in support of the motion were not based entirely on personal knowledge and did not contain the degree of certainty to resolve the public-private road material issue of fact. As we agree with this position we find it unnecessary to discuss the other assignment of error asserted by plaintiffs.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, reveal that there is no genuine issue of material fact, and reasonable minds must inevitably conclude that, under the facts shown, mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981). The burden of clearly showing that there is not a genuine issue of material fact in dispute is on the mover. Thornhill, supra; Brinkley v. Murrell Enterprises, Inc., 389 So.2d 435 (La. App. 2d Cir.1980).
“Affidavits supporting or opposing motions for summary judgment must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein.” LSA-C.C.P. Art. 967. Barnes v. Sun Oil Co., 362 So.2d 761 (1978).
The affidavits relied upon by the police jury are insufficient, when measured against the foregoing criteria, to establish that it is entitled to judgment as a matter of law. Although several of the affiants have declared that to the best of their knowledge the subject road has never been formally dedicated to the public use, they have failed to disclose the source of their information leading to this conclusion. None of the affiants stated that an examination was made of the conveyance records of the parish to document their statement. The affidavits further fail to establish as an undisputed fact that the parish had never at any time in past years undertaken any maintenance on the road in question, inasmuch as the statements to this effect are also qualified to the best of the affiants’ knowledge.
The affidavits do not affirmatively show that any of the affiants have a sufficiently complete personal knowledge of the history of the Cotton Point Road to remove all doubt as to whether the road is public or private. See Barnes v. Sun Oil Co., supra.
*134 Furthermore, since information regarding the activities of the police jury in regard to the Cotton Point Road are facts peculiarly within the knowledge of the jury members and employees, plaintiffs should have the opportunity to probe the knowledge of these parties by discovery and cross-examination. See Brinkley v. Murrell Enterprises, Inc., supra.
Since there remain genuine issues of material fact and because the facts disclosed by the affidavits in support of the motion do not necessarily lead to the conclusion, as a matter of law, that defendant is entitled to judgment rejecting plaintiffs’ demands against it, we find the summary judgment was improperly granted. The judgment is REVERSED, the motion for summary judgment is overruled, and the case is remanded for further proceedings. Costs of this appeal are assessed to appellee.
REVERSED and REMANDED.