# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 06-208

**CHARLES KENNEDY, JR., ET AL.**

**VERSUS**

**GERALD E. McBRIDE**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 72,415
HONORABLE B.C. BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and J. David Painter, Judges.

**AFFIRMED.**

**Elvin C. Fontenot, Jr.**
**110 East Texas St.**
**Leesville, LA 71446**
**Counsel for Defendant-Appellant:**
    **Gerald E. McBride**

**James R. Mitchell**
**607 South Fifth Street**
**Leesville, LA 71446**
**Counsel for Plaintiff-Appellee:**
    **Charles Kennedy, Jr.**

**PAINTER, Judge.**

The Defendant/Appellant, Gerald E. McBride, appeals a trial court judgment finding that a road through his property is an apparent continuous servitude established for the use and benefit of the property owned by Plaintiff/Appellee, Charles Kennedy. We affirm the trial court's judgment finding that the road is public in nature.

## FACTS

In 1994, Gerald McBride bought a tract of land on the Sabine River in Vernon Parish. In 2004, Charles Kennedy bought a tract bordering the property owned by McBride. Access to Kennedy's property was through McBride's property via Miller Road.[1] McBride put a locked gate across Miller Road, blocking access to Kennedy's property. Kennedy brought this suit asking that he be awarded a servitude of passage over the road to the nearest public road and that McBride be prohibited from denying him access to the road and for damages.

After a trial on the merits, the trial court ruled in favor of Kennedy recognizing Miller Road as an easement across the property owned by McBride. McBride appeals.

## DISCUSSION

At trial, Kennedy introduced evidence to support both the theory that the road was public and that a servitude of passage had been established by continuous existence and use for more than thirty years. The trial court explained its decision in written reasons for judgment. In those reasons, the court stated that it could not "find

---

[1]While McBride averred that the road through his property was not Miller Road, the majority of those testifying identified it as Miller Road and it will be so identified for purposes of this opinion.

1

that it is more probable than not the road in question is public." However, the court found that "the evidence clearly establishes that the road across the McBride estate is an apparent continuous servitude established for the benefit of the property Kennedy now owns." The court further found that the servitude has existed for in excess of thirty years.

On appeal, McBride argues that the trial court erred in finding that the Plaintiff proved that an apparent continuous servitude existed for over thirty years. We do not reach that issue, finding that Miller Road, as it passed through McBride's property, is public.

Louisiana Revised Statutes 48:491 provides, in pertinent part, that:

> A. All roads or streets in this state that are opened, laid out, or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality shall be public roads or streets, as the case may be.

> B. (1)(a) All roads and streets in this state which have been or hereafter are kept up, maintained, or worked for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge of such work by adjoining landowners exercising reasonable concern over their property.

There is no evidence of record as to whether Miller Road was ever formally dedicated. However, there is sufficient evidence to conclude that the road was maintained by the Vernon Parish Police Jury (VPPJ) for a period of three years or more.

This court, in *Griffith v. Cathey*, 99-923, p. 3 (La.App. 3 Cir. 2/2/00), 762 So.2d 29, 38, on rehearing explained the degree of public maintenance which must be proven in order to allow a court to conclude that the road in question has become

2

public, as follows:

> In order to establish public maintenance of the road under the statute, it is necessary to show definitively that work was performed on the road by a public entity and approximately when that work was performed. *Boynton* [*v. Bertrand*, 309 So.2d 769 (La.App. 3 Cir. 1975)]. Although precise moments of maintenance are not required, the claimant must present facts which establish acts of maintenance by a public entity within a narrow margin of time. *See St. Charles School Bd. v. P & L Inv. Corp.,* 95-2571 (La. 5/21/96); 674 So.2d 218. Accordingly, we agree with the trial court's judgment that the record does not support the Defendants' contention that the road has become public under La.R.S. 48:491.

Even where the road serves only as a driveway for one person or tract of land, public maintenance creates a right of use in the nature of a predial servitude for the benefit of the public. *Gatson v. Bailey*, 39,835 (La.App. 2 Cir. 6/29/05), 907 So.2d. 859). "In such cases, the tacitly-dedicated roads provide rights tantamount to actual predial servitudes protecting the dominant estate owners at the end of these roads, whose property might otherwise be enclosed." *Id.* at. 863.

Norris Smith, a ninety-year-old life-long resident of the area, testified that he served on the Vernon Parish Police Jury from 1959 through 1968 and from 1972-1976, representing the area in which the McBride and Kennedy properties are located. He stated that he was familiar with the properties and with Miller Road. He testified that Miller Road goes all the way from Highway 111 to the Sabine river at the mouth of Emerald Creek. He further testified that the VPPJ maintained Miller Road by grading and working it during both his terms as a police juror, although he did not know if the VPPJ continued to maintain it after McBride bought the property.

T.K. Craft, Jr., testified that he was sixty-two years-old and had lived in the area his whole life. He stated that he has been going down Miller Road since he was a toddler and was familiar with the Kennedy property since that time. He stated that

3

the VPPJ had maintained the road and that he had first seen the VPPJ employees there when he was a teenager.

McBride testified that he had the road built by Mike White and that the road through his property was not Miller Road. However, the testimony of White indicates that he did not build a road but worked on an existing road that did not appear to have been maintained on a regular basis. He testified that he cleaned it up, filled potholes, and smoothed it.

This testimony establishes both that Miller Road was maintained by the VPPJ for a period of over three years and the time period within which the maintenance was performed. *See Griffin*, 762 So.2d 29. Therefore, Miller Road was public pursuant to La.R.S. 48:491.

McBride, at trial, seemed to be attempting to establish that the road had been abandoned by the VPPJ and was no longer to be considered a public road.

> Abandonment of a public road may be evidenced by (1) a formal act of revocation in accordance with LSA-R.S. 48:701; (2) relocation of the public road by the governing body, or (3) clear and well established proof of intent by the governing body to abandon. *Starnes v. Police Jury of Rapides Parish,* 27 So.2d 134 (La.App.2d Cir.1946); *Stelly v. Vermilion Parish Police Jury,* 482 So.2d 1052 (La.App.3rd Cir.1986), writ denied 485 So.2d 65 (La.1986). Nonuse of a strip of land as a public road or a street for a period of in excess of ten years *may* also result in termination of public use. LSA-C.C. Art. 753; *Robinson v. Beauregard Parish Police Jury,* [*351 So.2d 113*]*;* Yiannopoulos, *Common, Public and Private Things in Louisiana: Civil Tradition and Modern Practice* 21 La.L.Rev. 696, 736 (1961); *Stelly,* [*482 So.2d 1052*].

*IP Timberlands Operating Co. v. De Soto Parish Police Jury*, 552 So.2d 605, 608 (La.App. 2 Cir. 1989) (emphasis added).

There is no suggestion here that there has been a formal act of revocation of Miller Road's public status, nor has the road been relocated. The question, therefore,

is whether there is clear and well established proof of intent to abandon. Although there was testimony that the part of the road which passes through McBride's property has not been maintained since he bought it in 1994, failure to maintain alone is not sufficient to strip the road of its public status. Non-use for more than ten years *may* be sufficient to establish abandonment. However, even McBride's son-in-law and daughter-in-law admitted in testimony that the road was regularly used by members of the public until McBride put a locked gate across it. Additionally, Kennedy, Craft, and Tommy McMahon[2] all testified that the road has been in continuous use by the public and the landowners. "Even after a police jury has in fact abandoned maintenance of a tacitly-dedicated road and refuses to recognize the road as public, the right of owners along the road to use the road as a servitude may be upheld." *Gatson*, 907 So.2d at 863.

Accordingly, we find that Miller Road is a public road and that a servitude of use exists to protect the property accessed by it from being enclosed.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are to be paid by the Defendant-Appellant.

AFFIRMED.

---

[2]McMahon also owns property which is accessed though McBrides property via Miller Road.