Dear Mr. Coenen:
You have requested an opinion from this Office regarding the classification of several types of roads. Specifically, you ask the following questions:
 1) What constitutes a private driveway?
 2) Is there a particular dimension or width that has any effect on the classification of a road as public or private?
 3) Can a road (public or private) remain in the parish road system after being maintained for ten years or more?
 4) Can the Richland Parish Police Jury gravel the area of a private drive that is within its right-of-way?
The answers to each of these questions are presented in order below. As an initial matter, however, we feel that it is necessary to review the general law related to the classification of roads as public or private. Roads are often lumped into two categories: public roads and private roads.
Unfortunately, these two categories are not as descriptive as they appear. Public roads may be roads that are owned — in full ownership — by a public entity. Public roads may also be privately owned roads over which the public has a right of passage. Similarly, private roads may be roads that are owned — in full ownership — by a private party. Private roads may also refer to the roads owned by a private party that are subject to a public right of use. Thus, to some extent, the terms are overlapping.
It is important to note that in the absence of an actual donation or sale of fee title to a roadway to the government (be it State, parish, or municipal), the actual fee *Page 2 
title to such property remains with the private landowner. See, Miguezv. Gauthreaux, 40 So.2d 679 (La.App. 1 Cir. 1949). Thus, if the classification of a road as public is merely based upon the maintenance of the road and the government does not actually hold fee title to the road, it is the opinion of this Office that the government (and thus the public) does not own the road, but rather has a right of passage over it.
What constitutes a private driveway?
The legal definition of a private driveway is contained in La.R.S.32:1(51), to wit:
 "Private road or driveway" means every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons.
Thus, it is the opinion of this Office that if you must seek landowner permission to use a driveway, it is a private driveway. This Office has considered various permutations of this concept over the years. In La. Atty. Gen. Op. No. 00-149, this Office stated that roads diverging from public roads that are located solely on private property and are used for the benefit of access to the private property constitute private driveways. Yet another opinion of this Office seems to suggest that the question of whether something is a private driveway is one of fact: the service of more than one landowner bodes in favor of classifying a driveway as public. La. Atty. Gen. Op. No. 84-527. Both of these opinions appear consistent with the definition recited above.
Is there a particular dimension or width that has any effect on theclassification of a road as public or private?
While there is no reason to believe (and no law so stating) that certain roads cannot be classified as public based upon the status of the underlying land (i.e., roads or pathways of any size that lie on public land), there are specific requirements for the width of parish roads. We refer you to La.R.S. 48:495, which specifically and explicitly sets the minimum road widths for parish roads in Louisiana. This statute states that:
 [a]ll roads laid out in accordance with this Sub-part [i.e., parish and local roads] and all necessary bridges shall be at least twenty-five feet wide. When causeways on a road are made or repaired, they shall be at least fourteen feet wide. The earth necessary to raise or cover the causeway shall be taken from each side of the causeway equally, so as to form a drain on each side thereof. *Page 3 
La.R.S. 48:495. The minimum road width set in La.R.S. 48:495 appears to have been set pursuant to the charge in La.R.S. 48:35(C), which states that,
 the Department of Transportation and Development shall adopt specific minimum safety standards with respect to highway and bridge design, construction, and maintenance for all public roads, highways, and streets under the jurisdiction of any political subdivision of this state and not in the state-maintained highway system. These standards shall correlate with and, so far as possible, conform to the system then current as approved by the American Association of State Highway and Transportation Officials.
Failure to comply with these standards may result in a revocation of funding to a governing authority by the Louisiana Department of Transportation and Development ("DOTD"). La.R.S. 48:35(D); see also, La. Atty. Gen. Op. No. 77-1132. Beyond La.R.S. 48:495, there are no other statutory requirements or restrictions related to parish road width in Louisiana. Thus, parish roads must be at least twenty-five feet wide.[1]
The minimum standards and guidelines for other public roads are located at LAC 70:1.1301, et seq. However, as noted above, per La.R.S. 48:35(D), as interpreted in La. Atty. Gen. Op. No. 77-1132, the failure to comply with these standards jeopardizes DOTD funding to the parish and increases the parish's exposure to tort liability, but are not likely actionable directives in and of themselves. See also, Forbes v. Cockerham, 2005-1838 (La.App. 1 Cir. 3/7/08) 985 So.2d 86. In addition, the failure to adhere to these standards should not impact the classification of a road as public or private. This is a factual question that does not depend on dimensions, but rather use and maintenance.
Thus, to specifically answer your question, we cannot find any source that causes a particular set of dimensions to determine whether a road is public or private. The only law in this State related to road width, as noted above, has to do with adherence to DOTD standards for the purposes of funding.
Can a road (public or private) remain in the parish road system afterbeing maintained for ten years or more?
In answer to this question, we refer you to La.R.S. 48:491. That law states, in pertinent part, that: *Page 4 
 [a]ll roads and streets in this state which have been or hereafter are kept up, maintained, or worked for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge of such work by adjoining landowners exercising reasonable concern over their property.
La.R.S. 48:491(B)(1)(a) (emphasis added). Thus, it is the opinion of this Office that, if the requirements of both the three years of maintenance by the governing authority as well as the constructive knowledge of that maintenance by the landowner are met, a particular road may indeed be classified as public (and thereby be included within the parish road system).[2] More specifically in answer to your question, a road may be included and remain in the parish road system after three years of maintenance (provided that La.R.S. 48:491 is complied with) and the ten years need not be reached before such an inclusion.
However, remaining in the parish road system is really a question of abandonment rather than maintenance for ten years. It appears that part of this question is asking whether maintenance for the period of time required for good-faith acquisitive prescription[3] is sufficient for a road to remain a public road forever.[4]
The Louisiana courts have noted, on several occasions, that the prescription of nonuse embodied in La.C.C. Art. 753 is applicable to the classification of roads as being public. Specifically, the First Circuit recently stated that:
 Abandonment of a public road must be evidenced by (1) a formal act of revocation in accordance with LSA-R.S. 48:701, (2) relocation of the public road by the governing body, or (3) clear and well-established proof of intent by the governing body to abandon. Nonuse of a strip of land as a public road or street for a period in excess of ten years may also result in termination of the public use.
Richland Plantation, Inc. v. East Feliciana Parish, 2007-0038 (La.App. 1 Cir. 12/21/07), 2007 WL 4480934, p. 5 (internal citations omitted).See also, *Page 5 Robinson v. Beauregard Parish Police Jury, 351 So.2d 113 (La. 1977) andKennedy v. McBride, 06-0208 (La.App. 3 Cir. 9/27/06), 939 So.2d 691.
Thus, it is the opinion of this Office that the nonuse of a particular road for a period of ten years triggers the prescription of nonuse, thereby declassifying the road as a public road. It is important to note that this nonuse appears from the cases to be a question of whether the public was making use of the road and not whether the government was maintaining the road.[5] Accordingly, it is further the opinion of this Office that the failure of a government entity to maintain a road for ten years is not the determining factor as to the classification of the road as public or private. Rather, it is a question of whether the public has continued to use the road as a public road. That said, what amount of use by the public is sufficient to constitute a use that would hold a road's classification as public in nature and whether such use has, in fact, occurred are both questions of fact that are beyond our authority on which to opine. Should a particular road in your jurisdiction be subject to such questions, we advise that you seek a declaratory judgment in a court of competent jurisdiction to determine the classification of that road.
Thus, in answer to the implicit question herein: it is the opinion of this Office that maintenance and use for ten years with no other actions by the government entity or the public thereafter is not sufficient to permanently dedicate a road to public use. After ten years of nonuse, the servitude in favor of the public on the road will revert to the private owner.
Can the Richland Parish Police Jury gravel the area of a privatedrive that is within its right-of-way?
In answering this question, we refer you to La.R.S. 48:753. That law states, in pertinent part, that:
 A. The monies in the Parish Transportation Fund shall be used:
 * * * (2) To maintain private driveways in connection with a general road improvement program within the right of way of a public road or *Page 6 
highway owned by the parish when such maintenance serves a public purpose.
Thus, should the graveling of private driveways be pursuant to the furtherance of a public purpose, it is the opinion of this Office that such activities by the Richland Parish Police Jury would be permissible.[6]
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ RYAN M. SEIDEMANN Assistant Attorney General
 JDC/RMS/tp
[1] If your question pertains to the State highway system, it is important to note that, per La.R.S. 48:471, the above quoted requirements do not apply to any roads that are classified as part of the State highway system.
[2] Frierson v. Police Jury of Caddo Parish, 107 So. 709 (La. 1926);Curtis v. Goebel, 101 So.2d 462 (La.App. 1 Cir. 1958); Strickland v.Stafford, 322 So.2d 893 (La.App. 1 Cir. 1975); Herring v. Guitreau,619 So.2d 1161 (La.App. 1 Cir. 1993); Melancon v. Giglio, 96-2507 (La.App. 1 Cir. 3/13/98), 712 So.2d 535.
[3] Good faith possession is one of the hallmarks of acquisitive prescription under La.C.C. Arts. 742 and 3473.
[4] It should be noted that the truncated three-years of maintenance for a private road to be classified as a public road seems to substitute for good faith acquisitive prescription of ten years, thus making a question of whether a servitude has been acquired by acquisitive prescription moot.
[5] In Richland Plantation, supra, the Court implied that the prescription of nonuse commenced with the Parish's failure to maintain for ten years. However, this failure to maintain was concurrent with a closing of the road in question, thus making public use an impossibility. It seems more logical to assume that the prescription of nonuse is tied to the actual cessation of use by the public rather than the cessation of maintenance activities — a scenario not presented for consideration in the Richland Plantation case. For a discussion that supports this statement, see, Caz-Perk Realty, Inc. v. Police Jury ofParish of East Baton Rouge, 22 So.2d 121, 124 (1945)
[6] This conclusion is supported by La. Atty. Gen. Op. Nos. 77-1594 and 04-0088. Such a conclusion rests heavily on the public purpose nature of such activities in order to satisfy La.R.S. 48:753 and to avoid running afoul of La.Const. Art. VII, Sec. 14(A), which prohibits the donation of public funds or services for private uses. This is an extremely tight rope to walk, as is noted by La. Atty. Gen. Op. No. 00-347, which stated that improvements to private driveways were not permissible. See also, La.R.S. 33:1236(2)(c), which allows for the maintenance of private driveways when damage is done to them by public works. La. Atty. Gen. Op. No. 93-396. *Page 1 
OPINION NUMBER 04-0088
Mr. David D. Doughty Assistant District Attorney — Civil Division Office of the District Attorney Fifth Judicial District P.O. Box 857 Rayville, LA 71269
84 Parishes 90-A-2 Public Funds — Loan, Pledge or Grants Article 7, Section 14B of the Louisiana Constitution
The Franklin Parish Police Jury may use its funds to make improvements on the private driveways of its senior citizens who are determined, objectively, to be needy.
Dear Mr. Doughty:
The Franklin Parish Police Jury would like to use its funds to make improvements to the private driveways of those senior citizens in the parish who do not have the means to make their driveways more accessible to ambulances and the vehicles of nurses and other home-health care professionals. You question if parish funds may be used to do so.
In short, it is our opinion that the parish may use public funds to improve the driveways. Although the Louisiana Constitution prohibits the donation of public funds, public funds may be used for programs of social welfare for the aid and support of the needy.[1] Such a program, however, must include objective criteria to determine who is truly needy.[2] The Franklin Parish Police Jury must provide for objective criteria to determine who of its senior citizens needs such assistance. A person's income and age are such objective criteria.
Again, it is our opinion that the Franklin Parish Police Jury may use its funds to make improvements on the private driveways of its senior citizens who are determined, objectively, to be needy. *Page 2 
If you have any questions or comments, please do not hesitate to contact our office. With kindest regards,
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 By: __________________________ TINA VICARI GRANT Assistant Attorney General
 CCF, jr./TVG/dam
[1] Article 7, Section 14B of the Louisiana Constitution
[2] Attorney General Opinion Number 02-0368 and 02-0100 *Page 1 
OPINION NUMBER 00-347
50 . HIGHWAY — ROADS 90 POLICE JURY — POWERS AND FUNCTIONS 2 PUBLIC FUNDS — LOAN, PLEDGE OR GRANTS
Article 7, Section 14 La.R.S. 33:1236
Beauregard Parish Police Jury may not use public funds to maintain or repair a privately owned road.
Mr. Herman Ray Hill State Representative District 32 529 Tramel Road Dry Creek, Louisiana 70637
Dear Representative Hill:
We received your request for an opinion regarding the authority of the Beauregard Parish Police Jury to maintain a privately owned road within the parish, which is used as a parish school bus route. Your request indicates that this road runs off of a state highway. A Beauregard Parish school bus driver lives on the road and picks up one student who also lives on the road. The parish is considering using public funds to maintain the road.
Because your request questions the use of public funds, it must be addressed in light of Article 7, Section 14 of the Louisiana Constitution, which prohibits the donation of funds, credit, property, or things of value of the state or any of its political subdivisions to or for any person, association, or corporation. The jurisprudence indicates that Article 7, Section 14 (A) is violated whenever the state or one of its political subdivisions seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Louisiana MunicipalRisk Agency, 439 So.2d 399 (La. 1983).
The powers of police juries are defined by the legislature and our jurisprudence establishes that police juries have no powers other than those specifically delegated to them. La.R.S. 33:1236 provides as follows:
 The police juries and other parish governing authorities shall have the following powers:
 . . . .
 (2)(a) To regulate the proportion and direction, the making and repairing of the roads, bridges, causeways, dykes, dams, levees and highways when, in the opinion of the police jury, such work will further the best interests of the parish and parish road system;
 (b) To provide for the graveling of school bus turnarounds when requested to do so by the parish school board, without the *Page 2 
necessity of the parish school board furnishing materials or contributing funds to the police jury for such purpose if it is determined by the police jury to be in the best interest of the parish and the parish road system. Provided, however, that nothing herein shall prohibit parish school boards from providing gravel or contributing funds to the local governing authority for the graveling of school bus turnarounds; and in addition, . . .
Although La.R.S. 33:1236(2)(a) authorizes police juries to repair roads when such repair furthers the best interest of the parish road system, our office has consistently opined that police juries may not use parish funds or equipment to repair or improve private roads or driveways. See Attorney General Opinion 00-149 and the opinions cited therein. As noted in these prior opinions, the authority granted to police juries in La.R.S. 33:1236(2)(a) must be considered in light of Article 7, Section 14(A) of the Louisiana Constitution. The inquiry then becomes a balancing test of public and private benefit. That is, if the repair and/or maintenance of the private road primarily benefits the individual property owners and the benefits to the public are merely incidental, the expenditure constitutes a donation of public funds, which is expressly prohibited by the Louisiana Constitution.
La.R.S. 48:491 provides that all roads and streets in this state which are maintained by a parish governing authority for a period of three years are deemed public roads or streets if there is actual or constructive knowledge of such maintenance by the adjoining landowners. Actual or constructive knowledge is presumed if the governing authority notifies the adjoining landowners, by registered or certified mail, return receipt requested, prior to or during the work. Again, the police jury will have to balance the public versus private benefit as discussed above. Also, the landowners may discontinue the maintenance by the police jury prior to the three-year period outlined in the statute. If so, the road remains privately owned. We recommend that the police jury discuss and weigh its options.
In this instance, it appears that the individuals who own this road would be the primary beneficiaries of any repair and/or maintenance performed by the police jury to the road. As such, it is our opinion that the Beauregard Parish Police Jury may not use public funds to maintain or repair it. However, please note that the police jury may consider La.R.S. 48:491 and its consequences. Furthermore, the police jury is authorized to provide for the graveling of a school bus turnaround as provided in Louisiana Revised Statute 33:1236(2)(b). *Page 3 
We trust that this adequately responds to your request. If you should have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
 Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ TINA VICARI GRANT ASSISTANT ATTORNEY GENERAL
 RPI/TVG/crt *Page 1 
OPINION NUMBER 00-149
Ms. Johnette L. Martin Assistant Parish Attorney Plaquemines Parish Government 106 Avenue "G" Belle Chasse, LA 70037
50 Highways-Roads 89 Police Juries-Liabilities and Disabilities of Members 90 Police Juries-Powers and Functions 90-A-2 Public Funds-Loan, Pledge or Grants
R.S. 33:1236(2), 48:751, et seq.
Article VII, Section 14 of the Louisiana Constitution of 1974
Plaquemines Parish Council may not use public funds, equipment and/or labor to maintain or improve private streets.
Dear Ms. Martin:
You have requested an opinion of the Attorney General, in your capacity as Assistant Parish Attorney for the Plaquemines Parish Government (Parish), regarding the use of Parish equipment and personnel to maintain and improve private lanes. You state that these private lanes are numerous throughout the Parish and are most often on single family-owned property, or on a parcel which has been divided among family members, without a subdivision of the property under the Parish's Subdivision Ordinance. You further state that many of these private lanes are nothing more than family driveways.
Pursuant to the Parish's Subdivision Ordinance, application may be made for the division of property into "five lots or less". However, when this occurs, the owner/subdivider is required to install and maintain his own roadway. Your first question is whether the Parish can legally maintain and improve the private lanes or streets described hereinabove.
The constitutional norm for the lawful use of public funds and property is found at Article VII, Section 14 of the Louisiana Constitution of 1974. It provides, in pertinent part, the following:
 Section 14. (A) Prohibited Uses.
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . . *Page 2 
 (B) Authorized Uses. Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy;. . . .
This identical language was present in Article IV, Section 12 of the Louisiana Constitution of 1921, Article 58 of the Constitution of 1913 and Article 58 of the Constitution of 1898. In fact, the substance and language of Article VII, Section 14 originated in Article 56 of the Constitution of 1879.
The legal principle replicated in Article VII, Section 14 is thus one of the most enduring and formally consistent constitutional principles in Louisiana law. This is of some import for interpretation for it means that there is almost one hundred years or jurisprudence interpreting the identical provision in different Constitutions.
In addition, this office has issued a legion of opinions which address the issue before us. We offer the following for your reference:
Attorney General Opinion No. 76-649 concluded that the Bienville Parish Police Jury could not use parish equipment or materials to blacktop driveways located on private property.
Opinion No. 77-1023 addressed the issue of whether the St. John the Baptist Police Jury could participate in a joint venture with private individuals to develop a highway right-of-way which would result in the enhancement of the property owned by the private joint venturers. The author cited R.S. 33:1236(2) which enumerates the power of police juries and other parish governing authorities to include the following:
 (2)(a) To regulate the proportion and direction, the making and repairing of the roads, bridges, causeways, dykes, dams, levees and highways when, in the opinion of the police jury, such work will further the best interest of the parish and the parish road system; (Emphasis added.)
The opinion noted that, while the parish police jury has the discretion in the location and/or repair of roads and highways, this discretion is subject to the constitutional limitations of Article VII, Section 14. Thus, the opinion concludes that if the benefits resulting from the construction of the road inure primarily to the private individuals, and the benefits accorded to the public are merely incidental, the police jury's participation in the joint venture would constitute a prohibited donation of the funds, property or things of value of the parish. *Page 3 
A similar conclusion was reached in Opinion No. 78-188, which addressed the issue of whether the Assumption Parish Police Jury could take into the parish road system and maintain dirt roads which join a main thoroughfare with a parcel of land consisting of two or more houses. The author notes that Louisiana law requires the making and repairing of roads, bridges and streets by the police jury to be done only when such work furthers the best interest of the parish and the parish road system. He concludes that it would seem reasonable for the parish to repair and/or maintain a dirt road connecting two roads within the parish road system, where the road facilitates a crossover of traffic between the two parish roads. However, if the dirt road simply leads to one or two homes and does not serve the public at large, it would be legally inappropriate to expend labor and materials on the maintenance and repair of the road.
Opinion No. 78-1643 concluded that the Catahoula Parish Police Jury could not expend public labor, material or funds on the maintenance and repair of a road leading to one or even several residences, but not used by the public at large.
Opinion No. 81-1223 deemed unconstitutional the construction or maintenance of private driveways by the Beauregard Parish Police Jury.
Opinion No. 82-784 concluded that it would be a violation of Article VII, Section 14 for the LaSalle Parish Police Jury to pave and maintain a privately owned church parking lot. The opinion further concluded that any police juror who failed to prohibit this practice would be guilty of malfeasance in office, provided that he or she was aware of the improper use of public property and personnel.
Opinion No. 89-452 concluded that the City of Vidalia could not enter into a cooperative endeavor with the owner of a trailer park providing for the use of municipal equipment to grade the gravel streets of the park for a reasonable fee. Such an arrangement would violate Article VII, Section 14.
Opinion Nos. 94-388 and 99-94 address the issue of the exception found in Article VII, Section 14(B)(1) relating to programs of social welfare for the aid and support of the needy. This office recognized the validity of the use of parish equipment and labor on private property in accordance with systematic programs of financial support for the needy. In carrying out such programs, the governing authority must establish objective eligibility requirements and formal guidelines to ensure that all individuals qualifying are needy and have an equal opportunity of receiving public assistance.
The streets and lanes you have presented for our consideration are private in nature. The benefits resulting in their maintenance and improvement would inure primarily to private landowners. Benefits to the general public, if any, would be *Page 4 
merely incidental. Accordingly, the use of Parish labor, equipment and/or materials to maintain same is clearly prohibited by Article VII, Section 14.
An exception to this prohibition applies to the assistance of private individuals in accordance with a systematic program of financial support for the needy. Such a program must be administered in accordance with the establishment of formal guidelines to insure that all individuals qualifying are truly needy and have an equal opportunity of receiving public assistance.
We turn now to your second question, to wit: Can the Parish assume control of the private streets, via donation from the private owners, and thereafter maintain and/or improve same? Further, and in connection with said donations, can the Parish utilize its own staff to make surveys of the private streets, research the public records to determine ownership of the property, prepare the legal acts of donation and perform all tasks incidental to the acceptance of these private streets by the Parish? Parenthetically, you note that all subdivision applications submitted pursuant to the Subdivision Ordinance require the owners to furnish this documentation at their expense.
For the same reasons expressed hereinabove, we are of the opinion that these transactions merely constitute an attempt to indirectly circumvent the prohibitions contained in Article VII, Section 14. It should also be noted that the use of state and/or local funds for such purposes violates the provisions of the Parish Transportation Fund Act found at R.S. 48:751, et seq. A violation of this Act can result in the forfieture of state funding, sanctions by the Legislative Audit Advisory Council and civil and/or criminal liability of individual councilmembers.
Trusting this adequately responds to your inquiry, I am
 Very truly yours,
 RICHARD P. IEUYOUB Attorney General
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
 RPI/REH,3/sfj *Page 1 
OPINION NUMBER 93-396
90-POLICE JURIES-POWERS DUTIES 90-A-1-PUBLIC FUNDS CONTRACTS
LA-R.S. 33:1236 (2), (12), (13) LA-R.S. 33:1236 (2) (c) LA-R.S. 48:471
LA-R.S. 48:485 LA-R.S. 33:106 LA-R.S. 33:3317 Louisiana Constitution Article VII, Section 14, 1974
A Police Jury is authorized to expand public funds for the construction of the parish drainage system, where such construction is for the benefit of the general public. However, public funds may not be expended for a purely private purpose or for one which is predominately in the private rather than the public interest.
A Police Jury nay not compel a private owner of a culvert to surrender title or to exchange title without the consent of the landowner, but does not have to provide labor or materials which benefit a private interest as distinguished from the public interest.
Mr. Jay Robin Free Assistant District Attorney Iberville Parish P. O. Drawer 880 Plaquemine, LA 70765-0880
Dear Mr. Free:
This responds to your letter of May 14, 1993, requesting an opinion of this office concerning the maintenance of drainage right-of-ways along parish roads by the West Baton Rouge Police Jury (Police Jury).
You advise that from time to time the Police Jury performs drainage surveys to determine which drainage right-of-ways should be upgraded, and that the Police Jury performs the necessary work to upgrade drainage where necessary.
You further advise that the Police Jury sometimes removes culverts from private driveways and replaces them with larger, generally better, culverts. The problem that has arisen is that at least one landowner has objected to the Police Jury removing the smaller culvert purchased by the landowner and utilizing it in another location since it is being replaced by a larger and more efficient culvert.
Our first observation is that the Police Jury has full authority to construct and maintain drainage, drainage ditches and drainage canals when such work will further the best interests of the parish and is in the public interest. See LA-R.S. 33:1236(2), (12), (13). See also with respect to making and repairing of roads and highways within the parish, LA-R.S. 48:471; LA-R.S. 48:485; LA-R.S. 33:106; LA-R.S. 33:3317.
However, the Police Jury may expend public funds, including materials and labor, only insofar as it is necessary to maintain efficient drainage in the public interest. As we advised in Opinion No's. 74-1350, 76-1026, 77-307, 77-1594, 78-188 and 79-509, a Police Jury is not authorized to perform such work if the work is *Page 2 
for the exclusive benefit of private interests. The law provides that:
 "Police Juries may maintain private driveways within the right-of-way of a public road or highway owned by a parish when such maintenance serves a public purpose, but only to repair damage done by the public". See LA-R.S. 33:1236 (2)(c).
If the proposed upgrade of the parish drainage system is necessary because of changed conditions not resulting from actions by the particular private owner, the parish would be justified in the expenditure of funds for these purposes. However, if the drainage work is necessitated by action of the private owner or is for his sole benefit, then we are of the opinion that it is the responsibility of the landowner to pay for the new culvert. A pubic body is prohibited from donating public funds or property to a private individual under Article VII, Section 14 of the Louisiana Constitution 1974.
If the culvert is not intended solely to benefit a particular landowner, but is for the benefit of the public at large by aiding the drainage system, then it is our opinion that the Police Jury has authority for the proposed work. However, if as you have pointed out, a private landowner actually owns the existing culvert, i.e., it was not placed there earlier as a consequence of the expenditure of public funds, then we know of no authority for the Police Jury to compel a change in ownership of the culvert without permission of its owner.
You further ask whether the Police Jury may give title to the new culverts to the landowners and assume title to the old culverts, thus being able to use the old culverts on other parish jobs. Assuming that the culverts are of relatively equal value, this would be a possibility, but it is unlikely that this would occur under the circumstances which you describe, i.e., that the new culverts are larger and generally better ones. In this instance, it might be better to simply forego use of the old culvert and retain full title to the new one, leaving the old culvert for the recalcitrant landowner. Thus, in the future should it be necessary to again replace the culverts, the Police Jury would retain title to those being installed at the current time.
It is also possible that the Police Jury may be providing labor or materials which benefit the private landowner's driveway or property in some way, and the Police Jury might well exchange these benefits for the old culvert, assuming that they are of relatively equal value. *Page 3 
We hope this opinion is of benefit to you and if we may be of further assistance, please advise.
 Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ GARY L. KEYSER, CHIEF Lands and natural Resources Section
 GLK/scp *Page 1 
OPINION NUMBER 84-527
50 — Highways
La.R.S. 48:491.
A road is considered public if it serves more than one landowner.
Mr. Joseph T. Beck, II District Attorney 35th Judicial District Parish of Grant Post Office Box 309 Colfax, Louisiana 71417
Dear Mr. Beck:
You have asked for an opinion from this office as to whether the Grant Parish Police Jury (Police Jury) is authorized to improve and/or construct a road which, apparently, is an old abandoned federal right-of-way previously called Forest Service Road 1278.
You have advised that the Police Jury desires to construct a cul-de-sac to better enable public vehicles as well as private automobiles to turn around and otherwise operate in a more safe manner.
The extension of this old right-of-way would actually serve only the landowners, but of course, would also be utilized by the general public.
You have asked for an opinion as to whether this improvement and/or construction would be for a public purpose.
In our opinion, the construction of this road is for a public purpose inasmuch as it serves more than one landowner and therefore cannot be considered a private driveway. Accordingly, since the road will accommodate more than one landowner, we are of the opinion that the road constructed by the Police Jury should be considered a public road and is therefore authorized under the law. La.R.S. 48:491. *Page 2 
If we can be of further service in this matter, please advise.
 Very truly yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: __________________________ DAVID C. KIMMEL Assistance Attorney General
 DCK/rm *Page 1 
OPINION NUMBER 77-1594
90 POLICE JURIES; 90-A-1 Public Funds Contracts; R.S. 33:1236(2); Art. VII § 14 — La. Cons-Police Juries may not perform work on private drives; roads, etc. if there is no public benefit therefrom.
Mr. Richard Bridges President Union Parish Police Jury Post Office Box C Farmerville, Louisiana 71241
Dear Mr. Bridges:
Reference is made to your opinion request of November 16, 1977, concerning the powers granted to Police Juries in Section 1236(2) of Title 33 of the Louisiana Revised Statutes which provides in pertinent part:
 "To regulate the proportion and direction, the making and repairing of the roads, bridges, causeways, dikes, dams, levees and highways when in the opinion of the police jury, such work will further the best interests of the parish and the parish road system;. . . ."
Specifically you ask:
 " . . . can the majority of the Police Jury acting as a whole use the terminology in the above referred act to circumvent the law to do work on private drive ways and roads going to a privately owned farm or commercial establishment benefiting only the owner of same?"
A Police Jury is empowered through the above mentioned provision to perform work on roads, bridges, highways, etc. in the furtherance of the best interests of the parish. The provision does not authorize a Police Jury to perform such work if the work is for the exclusive *Page 2 
benefit of private interest.
With reference to the expenditure of public funds for private purposes the Louisiana Constitution provides at Article VII, Section 14 the following:
 "Except as otherwise provided by this Constitution, the funds, credit, property, or things of value of the State or any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . ."
Therefore, it is the opinion of this office that a Police Jury cannot perform such work as described in R.S. 33:1236(2) on private driveways and roads if the benefits of said work inure only to the owner of the properties enhanced thereby and no substantial public purpose is served.
Trusting that the above information adequately resolves your question, I remain
 Yours truly,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: __________________________ DAVID E. HENDERSON STAFF ATTORNEY
 DEH:adj *Page 1 
OPINION NO. 77-1132
New construction or major reconstruction of rural highways and roads and urban streets and highways undertaken by a political subdivision must conform to the minimum safety standards of the Louisiana Dept. of Transportation and Development with respect to design, construction and maintenance.
R.S. 48:35; 88; 50
Honorable Henry N. Brown, Jr. District Attorney 26th Judicial District Post Office Box 758 Minden, Louisiana 71055
Dear Mr. Brown:
By your letter of August 3, 1977, you requested an opinion as to whether or not the Police Jury of Webster Parish may itself set a particular width for a parish highway and if so must it conform to safety standards set by the Department of Highways; and in particular you ask what are the standards of the Department of Highways insofar as they pertain to width of highways and streets under the jurisdiction of a political subdivision.
La.R.S. 48:35 reads as follows:
 "The department of highways shall adopt minimum safety standards with respect to highway design, construction and maintenance. These standards shall correlate with and, so far as possible, conform to the system then current as approved by the American Association of State Highway and Transportation Officials. Hereafter, the state highway system and all public roads, highways and streets under the jurisdiction of any political subdivision of this state shall conform to such safety standards. The chief engineer may designate those highways listed in R.S. 48:191 on the effective date of this Act for reconstruction or repair at standards which are less than those as approved by the American Association of State Highway and Transportation Officials; provided, however, that no reconstruction or repair shall be done on any highway under this Part which results in a pavement *Page 2 
width of less than eighteen feet, and further provided that all reconstruction or repair done under this part shall be accomplished within the existing right of way.
 If any such improvements constructed by a political subdivision of this state fail to conform to such standards, payment of any funds allocated to said political subdivision for such construction purposes shall be withheld by the department of highways until such time as the standards established by the department are complied with. These standards shall not apply to maintenance, improvement or blacktopping of existing dead-end alleys, local lanes or other roads that do not connect travelled throughways."
Pursuant thereto the Department of Transportation and Development, Office of Highways, on March 25, 1977, issued its directive entitled EDSM NO. II.1.1.1 replacing its earlier directive dated January 1, 1977.
Attached to this directive (a copy of which is enclosed) are three sheets which are also enclosed. The first such attached sheet is entitled:
 "OFFICE OF HIGHWAYS, LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, MINIMUM DESIGN STANDARDS FOR NEW CONSTRUCTION OR MAJOR RECONSTRUCTION OF RURAL HIGHWAYS AND ROADS"
The second such attached sheet is entitled:
 "OFFICE OF HIGHWAYS, LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, MINIMUM DESIGN STANDARDS FOR URBAN STREETS HIGHWAYS" *Page 3 
The third sheet attached to the directive is entitled:
 "OFFICE OF HIGHWAYS, LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, MINIMUM DESIGN STANDARDS FOR OVERLAY OR WIDENING AND OVERLAY OF RURAL HIGHWAYS AND ROADS"
As you will note from La.R.S. 48:35 except with respect to "maintenance, improvement or blacktopping of existing deadend allies, local lanes and other local roads that do not connect traveled throughways," these standards must be complied with by the Webster Parish Police Jury, failing which "payment of any funds allocated to said political subdivision for such road construction purposes shall be withheld by the Department of Highways until such time as the standards established by the Department are complied with."
We were advised by Mr. Harvy D. Shaffer, in the Office of Highways, that the Department did not require that existing roads or streets all be brought up to these standards but that compliance was required for new construction or when major reconstruction was undertaken.
It would appear that tort liability for the parish might be increased if such standards were not complied with even as to existing roads and streets.
If we can be of further assistance in this matter, please advise.
 Sincerely,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 __________________________ BEN R. MILLER, SR. ASSISTANT ATTORNEY GENERAL
 BRMsr/smg