You have requested an opinion from this Office regarding several legal questions related to parish/public roads. Specifically, you have asked the following nine questions:
 1) Is there a minimum road width that asphalt can be overlaid?
 2) Does the State or the Louisiana Department of Transportation and Development (DOTD) have any minimum standards or guidelines for public roads?
 3) Does three years of continuous road maintenance by the Police Jury constitute a road becoming part of the Police Jury Road Register?
 4) Is there a period of consecutive years that the Police Jury does not perform maintenance that causes a road to revert to the previous owner?
 5) Does the Police Jury need to have a right of passage, title, or deed to show ownership of a specific roadway and does such a document need to be recorded in the courthouse?
 6) Are there a minimum number of residents or lots required for an existing road to become part of the Police Jury Road Register?
 7) Does signage have any bearing on signifying a road being private or public?
 8) Are there any specific issues to prevent an existing private road from becoming a public road? *Page 2 
 9) What should a police jury do if continuous road maintenance does not constitute a parish road?
We have rearranged the order of your specific questions (above) in order to group the related issues together. Each question is answered in the order presented in the recapitulation above.
Question 1: Is there a minimum road width that asphalt can be overlaid?
Your question does not specify that you are concerned about the width of parish roads. However, the remainder of your questions deal specifically with parish roads. Thus, in answer to your question, we refer you to La.R.S. 48:495, which specifically and explicitly sets the minimum road widths for parish roads in Louisiana. This statute states that:
 [a]ll roads laid out in accordance with this Sub-part [i.e., parish and local roads] and all necessary bridges shall be at least twenty-five feet wide. When causeways on a road are made or repaired, they shall be at least fourteen feet wide. The earth necessary to raise or cover the causeway shall be taken from each side of the causeway equally, so as to form a drain on each side thereof.
La.R.S. 48:495. The minimum road width set in La.R.S. 48:495 appears to have been set pursuant to the charge in La.R.S. 48:35(C), which states that,
 the Department of Transportation and Development shall adopt specific minimum safety standards with respect to highway and bridge design, construction, and maintenance for all public roads, highways, and streets under the jurisdiction of any political subdivision of this state and not in the state-maintained highway system. These standards shall correlate with and, so far as possible, conform to the system then current as approved by the American Association of State Highway and Transportation Officials.
Failure to comply with these standards may result in a revocation of funding to another governing authority by DOTD. La.R.S. 48:35(D);see also, La. Atty. Gen. Op. No. 77-1132. Beyond La.R.S. 48:495, there are no other statutory requirements or restrictions related to parish road width in Louisiana. Thus, parish roads must be at least twenty-five feet wide.[1] *Page 3 
In terms of law related to overlaying existing roads, LAC 70:I.1303(O) simply states that:
 Overlay design standards shall be applicable to those projects for which the primary purpose is to improve the riding surface.
Thus, although this regulation, which is applicable to public roads that are not part of the State highway system, mentions overlays, it does not prescribe any required road width that must be met before a roadway may be overlaid for the purposes of improvement. Accordingly, it is the opinion of this Office that La.R.S. 48:495 sets the standard for road width requirements of parish and local roads, in general, in Louisiana. It is further the opinion of this Office that there is no minimum width requirement that a road must meet before an overlay project is implemented thereon.
Question 2: Does the State or DOTD have any minimum standards orguidelines for public roads?
The minimum standards and guidelines for public roads are located at LAC 70:I.1301, et seq. However, as noted above, per La.R.S. 48:35(D), as interpreted in La. Atty. Gen. Op. No. 77-1132, the failure to comply with these standards jeopardizes DOTD funding to the parish and increases the parish's exposure to tort liability, but are not likely actionable directives in and of themselves. See also, Forbes v. Cockerham, 2005-1838 (La.App. 1 Cir. 3/7/08) 985 So.2d 86.
Question 3: Does three years of continuous road maintenance by thePolice Jury constitute a road becoming part of the Police Jury RoadRegister?
From a telephone conversation with you subsequent to receiving your request, you informed us that the Police Jury Road Register is a tally of the public roads in your jurisdiction. From that, we can surmise that this question is actually asking whether three years of continuous road maintenance by the local governing authority can lead to a classification of said road as public. In this regard, we refer you to La.R.S. 48:491. That law states, in pertinent part, that:
 [a]ll roads and streets in this state which have been or hereafter are kept up, maintained, or worked for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge of such work by adjoining landowners exercising reasonable concern over their property. *Page 4 
La.R.S. 48:491 (B)(1)(a) (emphasis added). Thus, it is the opinion of this Office that, if the requirements of both the three years of maintenance by the governing authority as well as the constructive knowledge of that maintenance by the landowner are met, a particular road may indeed be classified as public (and thereby be added to the Police Jury Road Register).[2]
It is, however, important to note that in the absence of an actual donation or sale of fee title to the roadway to the government (be it State, parish, or municipal), the actual fee title to such property remains with the private landowner. See, Miguez v. Gauthreaux, 40 So.2d 679
(La.App. 1 Cir. 1949). Thus, if the classification of a road as public is merely based upon the maintenance of the road and the government does not actually hold fee title to the road, it is the opinion of this Office that the government does not own the road, but rather has a right ofpassage over it.
Question 4: Is there a period of consecutive years that the PoliceJury does not perform maintenance that causes a road to revert to theprevious owner?
As stated above, the mere maintenance of a road does not vest ownership of that road in the government. Thus, the failure to maintain a previously maintained road cannot affect the ownership status of that road. In other words, since the government never owned the road to begin with, it cannot lose the ownership that it did not have by failing to maintain the road.
In this situation, the only interest that a government gains through the maintenance of a road (in the absence of fee title) is a servitude of use (which can also be acquired by dedication).[3] St. CharlesParish Sch. Bd. v. P L Investment Corp., 95-2571 (La. 5/21/96),674 So.2d 218. The underlying property remains the property of the private landowner, but it is burdened with a right of use in favor of the public. La.C.C. Art. 457. *Page 5 
Directly to the question posed, the Louisiana courts have noted, on several occasions, that the prescription of nonuse embodied in La.C.C. Art. 753 is applicable to the classification of roads as being public. Specifically, the First Circuit recently stated that:
 Abandonment of a public road must be evidenced by (1) a formal act of revocation in accordance with LSA-R.S. 48:701, (2) relocation of the public road by the governing body, or (3) clear and well-established proof of intent by the governing body to abandon. Nonuse of a strip of land as a public road or street for a period in excess of ten years may also result in termination of the public use.
Richland Plantation, Inc. v. East Feliciana Parish, 2007-0038 (La.App. 1 Cir. 12/21/07) 2007 WL 4480934, p. 5 (internal citations omitted). Seealso, Robinson v. Beauregard Parish Police Jury, 351 So.2d 113 (La. 1977) and Kennedy v. McBride, 06-0208 (La.App. 3 Cir. 9/27/06) 939 So.2d 691.
Thus, it is the opinion of this Office that the nonuse of a particular road for a period of ten years triggers the prescription of nonuse, thereby declassifying the road as a public road. It is important to note that this nonuse appears from the cases to be a question of whether the public was making use of the road and not whether the government was maintaining the road.[4] Accordingly, it is further the opinion of this Office that the failure of a government entity to maintain a road for ten years is not the determining factor as to the classification of the road as public or private. Rather, it is a question of whether the public has continued to use the road as a public road. That said, what amount of use by the public is sufficient to constitute a use that would hold a road's classification as public in nature and whether such use has, in fact, occurred are both questions of fact that are beyond our authority on which to opine. Should a particular road in your jurisdiction be subject to such questions, we advise that you seek a declaratory judgment in a court of competent jurisdiction to determine the classification of that road.
Question 5: Does the Police Jury need to have a right of passage,title, or deed to show ownership of a specific roadway and does such adocument need to be recorded in the courthouse?
Following the discussion in Richland Plantation, supra, we are of the opinion that implicit dedications of roads to public use may occur and that, in such cases, a *Page 6 
written right of passage, title, or deed would not and need not exist. This should not imply that the best means for establishing the classification of a road as public is without documentation. Indeed, having a written instrument evidencing the dedication of a road to public use would be ideal in all situations, as such a document would, presumably, establish all of the rights and duties of the parties involved therein. However, the mere absence of such documentation does not vitiate a dedication.
Because we are of the opinion that no documentation is necessary to establish a road's dedication to public use, we are also of the opinion that there is no need to record such documents in a court. Again, if such documents do exist, there is certainly no harm in recording them to place the public on notice of a particular road's classification.
Question 6: Are there a minimum number of residents or lots required foran existing road to become part of the Police Jury Road Register?
As noted above, because the Police Jury Road Register is merely a tally of the public roads in your jurisdiction, this question is actually asking whether there are a minimum number of residents or lots required for an existing road to be classified as a public road. The answer to this question is in the negative. Whether a road is dedicated to a public use (and thereby classified as public) is a question of use and not one of how many residents live on, or how many lots are located along, the road. See, La.R.S. 48:491. Thus, it is our opinion that roads that meet the above quoted requirements of La.R.S. 48:491 for classification as public roads may be so classified and may also be included on your Police Jury Road Register.
In terms of whether a certain number of residents along a road is necessary to classify a road as public, this Office has considered this issue on several previous occasions. In La. Atty. Gen. Op. No. 00-149, this Office stated that roads diverging from public roads that are located solely on private property and are used for the benefit of access to the private property constitute private roads. Yet another opinion of this Office seems to suggest that the question of whether something is a private road is one of fact: the service of more than one landowner bodes in favor of classifying a driveway as public. La. Atty. Gen. Op. No. 84-527. Both of these opinions appear consistent with La.R.S. 32:1(51). However, none of these factors are determinative of the status of a road, as use and maintenance must also be considered.
Question 7: Does signage have any bearing on signifying a road beingprivate or public?
The answer to this question is also in the negative. There are no laws or regulations in Louisiana that regulate whether the presence of a street sign is determinative of the classification of a road as public or private. Indeed, while *Page 7 
there is law that prohibits private parties from erecting signage and traffic control devices along the right-of-ways of public roads, there is no law prohibiting private parties from erecting such signage on private roads. See, La.R.S. 32:236; Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96) 684 So.2d 488.[5] Thus, it is our opinion that, while the presence of signs and traffic control devices would seem to strongly indicate that a particular road is public in nature, the presence or absence of either is not determinative of the classification of a road.[6]
Question 8: Are there any specific issues to prevent an existingprivate road from becoming a public road?
Private roads, as their name suggests, are roads that exist on private property. Because La.R.S. 48:491 requires that, for private roads to become public roads, the governing authority must maintain the road for a period of three years and the private landowner must have constructive notice of that maintenance, a failure to meet one of the requirements necessary to reclassify a road would, in our opinion, represent a barrier to an existing private road becoming a public road. In addition, because these roads do begin their existence as private property, once the constructive notice required by La.R.S. 48:491 occurs, there is no reason that the private landowner cannot restrict the governing authority's or the public's access to their private property, as long as such restriction is accomplished before the tolling of the three year period contained in La.R.S. 48:491. The right to protect and control one's private property is fundamental and is protected by both the Louisiana and United States Constitutions. See, La.Const. Art. I, Sec. 4 and U.S. Const. Amend. 5.
Question 9: What should a police jury do if continuous road maintenancedoes not constitute a parish road?
Because we are of the opinion that the law is clear under La.R.S.48:491 that maintenance for three years and constructive notice is sufficient to change a road's classification from private to public, this question is answered by the previous discussions. It is important to reiterate here that such maintenance does not change the road's ownership from private to public (i.e., parish). These activities merely grant the public a right of use as discussed above.
Recapitulation
In order to make clear the opinions of this Office as expressed herein, we offer the following bulleted recapitulation: *Page 8 
 • La.R.S. 48:495 sets twenty-five feet as the minimum width for parish and local roads, in general, in Louisiana.
 • There is no minimum width requirement that a road must meet before an overlay project is implemented thereon.
 • The minimum standards and guidelines for public roads are located at LAC 70:I.1301, et seq.
 • If both the three years of maintenance by the governing authority as well as the constructive knowledge of that maintenance by the landowner are met, a particular road may be classified as public.
 • The nonuse of a particular road for a period of ten years triggers the prescription of nonuse, thereby declassifying the road as a public road.
 • No documentation is necessary to establish a road's dedication to public use.
 • There is no legal requirement to record documentation that may exist of such a dedication in a court, though such recordation is advisable.
 • Whether a road is dedicated to a public use (and thereby classified as public) is a question of use and not one of how many residents live on or how many lots are located along the road.
 • There are no laws or regulations in Louisiana that regulate whether the presence of a street sign is determinative of the classification of a road as public or private.
 • There is no reason that the private landowner cannot restrict the governing authority's or the public's access to their private property, as long as such restriction is accomplished before the tolling of the three year period contained in La.R.S. 48:491. *Page 9 
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ RYAN M. SEIDEMANN Assistant Attorney General
 JDC/RMS/tp
[1] If your question pertains to the State highway system, it is important to note that, per La.R.S. 48:471, the above quoted requirements do not apply to any roads that are classified as part of the State highway system.
[2] Frierson v. Police Jury of Caddo Parish, 107 So. 709 (La. 1926);Curtis v. Goebel, 101 So.2d 462 (La.App. 1 Cir. 1958); Strickland v.Stafford, 322 So.2d 893 (La.App. 1 Cir. 1975); Herring v. Guitreau,619 So.2d 1161 (La.App. 1 Cir. 1993); Melancon v. Giglio, 96-2507 (La.App. 1 Cir. 3/13/98), 712 So.2d 535. We should also add the caveat that, although this is a means for bringing particular roads into the public road system, it is likely not the best way to accomplish this goal. We would recommend either purchasing the roadbed outright or entering into a formal agreement with the private landowners for a right-of-use in favor of the public. Of course, we are cognizant of the reality that this provision is typically used in situations of old roads where no documentation exists. In such situations, meeting the requirements of La.R.S. 48:491 are sufficient to subject a road to a public use.
[3] An important caveat is warranted here. The government's maintenance of a road for three years does not create an enforceable obligation to continue that maintenance. Indeed, because maintenance is not the sole means of classifying a road as public (the other means being actual public use), the cessation of such maintenance should not affect the road's classification unless is it accompanied by a cessation of use.
[4] In Richland Plantation, supra, the Court implied that the prescription of nonuse commenced with the Parish's failure to maintain for ten years. However, this failure to maintain was concurrent with a closing of the road in question, thus making public use an impossibility. It seems more logical to assume that the prescription of nonuse is tied to the actual cessation of use by the public rather than the cessation of maintenance activities — a scenario not presented for consideration in the Richland Plantation case. For a discussion that supports this statement, see, Caz-Perk Realty, Inc. v. Police Jury ofParish of East Baton Rouge, 22 So.2d 121, 124 (1945).
[5] See also, Brown v. Cox, 430 So.2d 131 (La.App. 2 Cir. 1983) (briefly commenting on a police jury's obligations to maintain signage on public — but not private — roads).
[6] We also believe that the type of signage is also suggestive of the classification of the road. So-called "911 signs" that are erected to facilitate access to areas by emergency services are less suggestive of a road being classified as public than are traffic control signs (e.g., speed limits, stop signs, yield signs, etc.).